**FILED**
JAN - 7 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
WASHINGTON DC

Melvin Jackson
Petitioner pro se
217 Weymouth St. Upper Marlboro Md.
202/744-0523     v.            20774

Case: 1:08-cv-00026
Assigned To : Kollar-Kotelly, Colleen
Assign. Date : 1/7/2008
Description: Habeas Corpus/2255

D.C. Depatment of Corrections
D.C. Parole Board
U.S. Parole Commission
Federal Bureau of Prisons
Court Services Offender Supervision Agency

## PETITIONERS WRIT OF HABEAS CORPUS

COMES NOW, **Mervin** Jackson Petitioner pro se respectfully requesting the Honorable Court to except this writ of Habeas Corpus and honor the relief sought. This writ comes in good faith and in the intrest of justice Petitioner makes this request on the bases of facts and arguments which are as follows:

### F A C T S

1. Petitioner was sentenced in the D.C. Superior court in criminal case numbers F7295-90D for Attempted Distribution of Cocaine and sentenced to (3) three to (9) nine years with credit for time served and work release recomended. Case number F4093-92-C to 180 days for attempted possession of Cocaine. To date Petitioner remains in custody of the respondents.

2. Petitioner custody time was taken and called "Street time" by the Respondents claim that they erroneously credited Petitioner with time spent on the street. However, Petitioner maintains that whenever the Petitioner was in the community he was in the **custody** of the U.S. Attorney General and or his Authorized Representative.

RECEIVED
DEC 12 2007
NANCY MAYER WHITTINGTON CLERK

1

3.   Petitioner contends that if his custody time had not been taken Petitioner's original judgement and commitment order/contract would have ended on or about 2000. However the Respondents would have the Honorable Court to rely on the faulty interpretation of the **(United States Parole Commission v. Noble** 711 A. 2d 1884 (D.C.Code 1997), "Noble IV" and **Davis v. Moore** 772 A.2d 204 where they effecuate and argue street time.

4.   The Petitioner is not arguing street time at all the Petitioner wants his satisfied custody returned back to the Petitioner.

5.   Petitioner also maintains that he has remained in **Custody, Legal Custody, Jruidical Custody, Furlough Custody, Parole Custody, and physical custody**. Petitioner has completely satisfied **Custody** wherefore Petitioner seeks to have these sentences formally closed out because he has satisfied this **Custody** and any extention of time is a breach of the original order/Contract handed down by the Honorable Court.

6.   Petitioner also maintains that Respondents will argue that Petitioner has not exahausted his administrative remedies, Petitioner would have the Court to view **Buggs v. Crabtree** 32 F.Supp. 2d 1215 (D.Or.1998) holding that it would be futile for him to exhaust his administrative remedies since the Government has announced its disagreement with his request for credit aginst his federal sentence and he would be irreparably harmed if he were required to exhaust administrative remedies.

7.   Petitioner also maintains that an agencies action in violation of its own rule or regulations, which causes prejudice to the party against who the agency has acted, is subject to vacation of a rule of internal administrative procedure imparts a substantial right, or pursuant to **Accardi**

Doctrine, when the rule violated involved an individual right or important procedural benefit. West's Ann, Md. Code State Government, 10-22. In Accardi v. Shaunghnessy, Supre, 347 U.S. 260, 74 S.Ct 499, 98 L.Ed. 681 (1954). The Supreme Court vacated a deportation order of the Board of Immigration of Appeals because the Board and the Attorney [G]eneral failed to follow their own regulations.' MTA v. King 369 Md. 282,799 A.2d at...1246 (Quoting Hopkins v. Md. Inmate Griev. Comm'n, 40 Md.App. 329,335, 391 A2d 1213 (1978). In Accardi at...504 the Supreme Court of the United States held that an administrative decision is subject to invalidation because of the agencies [Failure to exercise its own discreation , Contrary to the existing valid regulation. In Hopkins the Court of Special Appeals has taken the position that in situations where Accardi is applicable, it does not matter whether one was prejudiced by failure of agency to follow its procedure as regulation, where the agencyis bound by their regulation, where the agency is bound by their regulation to the letter. Service v. Dulles, 354 U.S. 363, 77 S.Ct. 1152 (1959) regulation validly prescribed by a government administrator are binding upon him as well as the citizen, and ... this principle holds even when the administrative action under review is discretionary in nature. Note: Petitioner is a pro se litigant and is doing what he believes is the required standard to correct an injustice Petitioner should not be held accountable for his short comings and mistakes as he is a pro se litigant(SEE: Vochinche v. F.B.I. 412 F.Supp.2d. 60 (D.D.C. 2006) At...70, Holding that the Court gives pro se parties the benifit of the doubt and my ignore some technical shortcomings of their filings. See Richardson v. United States 193 F.3d 545, 548 D.C. Cir.1999)("Courts must construe prose filings liberally,"); cf. Haines v. Kerner, 404 U.S. 519,520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972)(per curiam) (holding pro se complaints to "less stringent standards than formal pleedings drafted by a lawyer").

(A R G U E M E N T)

The Respondents have misinterpreted the statute to impress upon the Court that words do not mean what they say. They state the statute of D.C. §24-206 and §24-431. They further want the court to rely on a faulty decision of Davis v. Moore 772 A.2d (D.C. 2001) and "Noble IV" opinion at 711 A.2d 85. This Petitioner asks the court to look through the decision for the plain meaning of the words chosen by Congress to reach the decision the first court made in Noble 692 A.2d 1084, by giving credit for words chose. The plain language of each statute is clear as in Noble IV the Courts oversight of two words (credit) that can be taken from a parolee if revolked and (Time) they cannot be lost, while a parolee is serving to satisfy Custody. Petitioner Habeas Corpus is clear that he always maintained that custody whether incarcerated or on parole and that (Time) must never stop running. The Respondents can have all the (Credit) they wish to take, but (Time) they can never take, that surely belongs to the Petitioner and the Honorable Courts must lift its veil to see the word game being played by the Respondents and must not allow it to stand. The Judgement and Commitment order reads; "The Defendant is hereby committed to the custody of the Attorney General for the total term" that total term applies to Custody. The Petitioner exposes light to the fact that Custody has not been broken nor does the Respondent disagree in its opposition in Davis v. Moore 772 A.2d 204 (D.C. 2001) that the chain in custody has never been discontinued and by that failure Petitioner should be set free. On those grounds alone, because they then support the claim that the originally imposed sentence has never been satifiied by the continued custody. Never did the court order say to be confined it only says; Committed to the custody which is thereby satisfied by D.C. Code §24-404.

In essence when a parolee is released to the community he is not freed to liberty he is still serving that sentence. Parole is nothing more than a grant of furlough and all the time spent must be credited per D.C. Code §24-431 now §24-221.03 the credit they take was only supposed to diminish credit against parole eligibility not time spent in actual **(Custody) spent on parole**. Assuming Arguendo, that a person sentence to 1 year to 3 years term he spent one year in prison and is paroled to the remainder 2 years,. He receives credit of six months while he is incarcerated, he stays on parole for one year (still satisfying Custody) but is revoked after serving one year, leaving him with one year, to serve before the original term expires, the 6 months credit he earned previously he looses and he no longer looks for serving only the remainder of his sentence, he is to serve the whole year less anycredit can be re-earned while serving the year he has left. If this is what Respondent was doing the Petitioner would not be before the Honorable Court today, but instead the Respondent seeks to have the parolee to do the year plus they take the year he served on parole credit and the new sentence is now two years and in some cases depending on the compentency of the parolee he may receive 2 years 6 months do to his lack of knowledge to appeal that decision. That person may even get paroled after serving the year and he's paroled again and again subject to the same punishment all over again, this where petitioners claim brings notice to the Honorable Court asking the Court to please put a halt to this illegal detention and treatment for its cruel and unusual punishment in violation of the 8th Amendment of the United States Constitution and must not be allowed to stand.

   The Petitioner seeks the interpretation of Federal Rules U.S.C. 18 sub/sec 4210 to redefine the baseline of the United States Parole Commission's Jurisdiction.

Their jurisdiction and perimeter is set by the sentencing court and cannot be altered in an upward fashion by the Commission. 4210 States: at... (a) a parolee <u>shall</u> remain in the (L E G A L   C U S T O D Y) and under the control of the Attorney General until the expiration to the maximum term or terms for which such parolee was sentenced. Then at...(b)(2) in the case of a parolee who has been convicted of any criminal offense committed subsequent to his release on parole, and such offense is punishable by a term of imprisonment, detention or incarceration in any penal facility, the Commission shall determine, in accordance with the provisions of section §4214 (b) or (c), whether all or any part of the unespired being served at the time of parole <u>Shall</u> run concurrently or consecutively with the sentence imposed for the new offense, <u>but in no case</u> shall such service together with such time as the parolee has previously served in connection with the offense for which he was paroled, be longer then the maximum term for which he was sentenced in connection with such offense.

    These provisions clearly set the boundaries and the commission is surely crossing that jurisdiction line in violation of due process.

The plain language of that statute appears clear but the actions of the Respondents always seems to run afoul of what this law states an or allows.

1. Respondents admit to taking credit for all time spent on parole supervision. They can take all the credit they wish but time in custody always continues to run until the expiration of the total term which has long since past and this is all that this Habeas Corpus ask's for is the Petitioners time never stops from the day of the original order/contract was issued to the present, causing the satisfying of **Custody!!**

2. The Respondent Contradicts themselves by playing the words Credit and Time in custody. Petitioner has not misunderstood as Congress did when it implemented §24-206 to take credit they did not research the word Credit that they used for this is the only way §24-206 and 24-431 can coexist together. Parolee's custody and the time spent in custody per §24-206 the Respondents also tries to add the word [in] and attach it to custody making their computation read **"IN-CUSTODY"** to illegally change the court's original order/contract. They do that each time they change the mandate which is mandatory.

3. Truth is the thing that does not need support it can stand allone. EX-POST-FACTO is any statute that seeks to enhance a punishment once jeopardy attaches to the sentence. Any enhancement that's not originally given violates the EX-POST-FACTO-DUE-PROCESS-CLAUSE by creating a upward departure from the courts original order, then applied, distorts a judges discretion when it considers the evidence at the initial trial. All factors added after sentencing violates due process. Any new sentence or new trial unless the judge ordered it. It is the re-sentencing process that offends EX-POST-FACTO because without a trial DUE......

Process is violated. The Commission's authority and jurisdiction attach only to the original sentence ( See D.C. Code §24-403.01 (b)(6)(B) in this statue it is clear that Congress gave the U.S. Parole Commission Authority as vested in the Court at (b)(6) there is a exception to that authority and at (b)(6)(B) the exception to extend a sentence as in the statute is only granted by the court and the Commission must petition the Court to ask for the extention in 18 U.S.C. (C.F.R.) of the Parole at 2.47 (b) and, (c)(1), 2.00b, 2.210 their own policy tells them they must close out cases that the full term has expired and only the courts may extend and even the courts dare not extend it's own sentence for the violation of EX POST FACTO. Peitioner's Habeas Corpus makes clear this point that Respondent fail to address and they fail to obey protocol. The law is simple and not as complicated as they make it seem words must be given the meaning that's attributed to them. La  is as it is, how Congress wrote Administrative Procedure Act (A.P.A.) must be followed to the letter not as the Commission interprets. The Accardi Doctrine relies on the predicate requirement that government agents are bound by law that Congress pass. Congress however, have not given law making power to any agency but their regulation have force of the law unless that agencies regulations run afoul of the constitutional provisions. It is then the Accardi Doctrine to dictate for jurisdictional purposes such a claim arises under the regulation claimed to be violated. Due Process must be followed the Courts Order must be followed as to the design and structure set by the Court who's sentence and time must never be discontinued if custody is satisfied by either confinement or as §24-404 states Authorization of parole: (Custody) Petitioner ask the court for the judgement to be rendered on this issue to insure that the respondents do not escape D.C. Code §16-1903 to evade this writ.

The Petitioner seeks relief from a now illegal detention where the Respondents ammended the Court's original sentence by their misinterpretation of Authority to only carry out the (Originally imposed Sentence) that was handed down to the Attorney General to take Custody of the petitioner for the total term that was imposed in the Court's order/contract. That the Respondents have increased the original term by tking credit for the time this Petitioner has spent in custody, since D.C. Code §24-204 now §24-404 Authorization of Parole; custody; discharge. This statute is clear and the plain language of that statute need no interpretation because it clearly establishes parole as custody and that is the only language the court uses when it committed the Petitioner to the Attorney General for custody. Since the petitioner claims he has satisfied that custody more than required he has now the liberty un-restricted by the Attorney General and their Authorized Representative. Where Petitioner fails to comprehend he poses these questions to the honorable Court and they are as follows:

CONSTITUTIONAL QUESTIONS AND MEMORANDUM OF LAW

1. How could the U.S. Parole Commission still have the authority and jurisdiction if in doing so violates the 5th, 8th, 13th and the 14th, Amendments of the United States Constitution?

2. If the Petitioner is being illegally detained due to the U.S. Parole Commission's failure to administratively close out an original sentence that has expired in tis entirety does this not violate EX-POST-FACTO-CLAUSE of the Petitioners true sentence.

3. It is the petitioner's contention that such custody as defined in Black's Law Dictionary 8th Ed. that: Custody - is the care and controle of a thing or person for the inspection, preservation, or security. Constructive custody - Custody of a person (such as a parolee or probationer) whose freedom is controlled by legal authority but is not under direct physical control. So why is it the Respondent try to express to the Honorable court that they lack this custody?

4. The sentence of imprisonment of any person convicted of an offense in a court of the United States shall commence to run from the date on which such person is recieved at the penitentiary reformatory or jail for such sentence, The Attorney General shall give such person Credit towards service of his sentence for **A N Y   D A Y   S P E N T   I N   C U S T O D Y** in connection with the offense or acts for which sentence[s][are] imposed... <u>No sentence shall pescribe any other method of computing the term.</u> Why do respondents evade this issue?

MEMORANDUM OF LAW ACCORDING TO AM.JUR. 2d 1998 16A at §263

distinction between judiciary and administrative agencies and tribunals

What essentially distinguishes a court from an administrative agency is that under our constitutional system of separation of three branches of government, courts are part of the judicial branch, whereas administrative agencies and tribunals are part of the executive branch of government.69 (See Quinton v.General Motors Corp., 453 Mich. 63, 551 N.W.2d 677(1996). reh'g denied,453 Mich. 1205, 554,N.W. 2d (1996). When an administrative agency address a question of law by construing or applying a particular statue courts will grand some difference to legal determinations that fall within the agenc's expertise; however, it is a function of the courts to interpret the law, and courts are in no way bund by an agency's legal interpretation. 70(See Chavez v. Mountain States Constructors, 122 N.M.579 929 P.2d 971(1996). Administrative adjudications are not Article III proceedings to which either the case or controversy or perdential standing requirements apply; within their legislative mandates, such agencies are free to bear actions brought by parties who might be without standing if the same issues happened to be before a federal court. 17 (See Ecee,Inc. v. Federal Energy Regulatory commission, 645 F.2d 339 (5th Cir. 1981). Furthermore, an administrative agency cannot refuse to obey a courts directive.72 See Town of Deerfield, N.Y. v. F.C.C., 922 F.2d 420 (2d Cir. (1993) FCC's refusal to recognizing the preclusive effect of a state court judgement holding that as FCC regulation did not preempt a local zoning ordinance violated the principle of Article III that an administrative agency has no power it review, alter or prevent the enforcement of a judgement of an Article III Court).72

§262 Distinctions between judiciary and executive and legislative departments

The distinctionbetween legislative or executive or executive functions and judicial functions is sometimes difficult to point out. While the line which separates the power to make laws from the poser to interpret and apply them is not exactly defined and sometimes not spelled out in state constitutions,66 broadly speaking a judicial inquiry investigates, declares, and enforces liabilities as they stand or present or past facts, under laws supposed already to exist; 67 legislation, on the other hand,looks to the furture and changes existing conditions by making a new rule to be applied thereafter to all or some part of those subject to its power.68

§264 Generally  from 77-80

Under all circumstances it ts imperative duty of the courts to support the Constitution,,78 and no court has the right to declare any public policy that clearly contravenes or nullifies the rights declared in the Constitution. 79 Accordingly, courts are without power to deny a citizen rights guarenteed to him or her by organic law.80

See Foot  notes on all three sections!!!

These fundamental questions and memorandum of law represent the Petitioners claim for relief sought for the Court to recognize the cruelty the Petitioner continues to suffer at the hands of this illegal detention and Justice must be rendered in this case as the U.S. Constitution demands. The [R]ule of interpretation is words M U S T be given the meaning that's attributed to them, or they won't bear the true intent of what they say. As supreme Court Justice Breyers maintains in the case of Apprendi v. New Jersey, 120. S.Ct. 2348 "Justice Breyers proceeds on the eroneous and all-to-common assumption that the Constitution means what we think it ought to mean. It does not; it means what it says. And the guarantee that "[i]n all criminal prosecutions the accused shall enjoy the right to...trial by an impartial jury," has no intelligible content unless it means that all facts which exist in order to subject the petitioner to a legally prescribed punishment must be foundby the jury. In this instance the Petitioner charges the Respondent with re-sentencing without showing proper authority or indictment to support their new sentence they imposed, that now holds the Petitioner hostage. It is a violation of Due Process to convict and punish a man without evidenceof guilt. U.S.C.A. Constitution Amendment 5 and 14 also (see; Thompson v Luisville, 80 S.Ct. 624 Petitioner has a right to have a jury verdict based on proof beyond a reasonable doubt. The Respondent cannot make a valid showing of any authority or jurisdiction which would give them the right to continue this illegal detention. In consideration that the order laid down by the court is a legal contract binding on what ever it states. Here the order commits the Petitioner to the custody of the Attorney General for a total term fixed in that order, nothing more nothing less the Petitioner then has the expectancy to finality on that [t]hen fixed term of custody. The Petitioner contends that the time can never stop running its the only thing man does not control. Time spent in Custody must..

continue until the expiration of all the full term originally imposed and then the captive must be set free. When the term is complete unless the time is tolled for an escape from (Custody), and Respondents have no claim of escape to toll the sentence and it therefore causes the original sentence to end. The contractual law the term must be fulfilled to the letter or the contact becomes void.

The Respondents have falsified a warrant and order to continue to hold Petiotioner in this case and must show cause why they can continue to hold this Petitioner by producing a valid Court Order that granted them the authority to do so. Petitioner knows of no other charges or trial which would be the only way the U.S. Parole Commission can have jurisdiction to keep the Petitioner in prison as they are now doing in violation of due process.

In the U.S. Parole Commission Manual at... (C.F.R.) 2.47(b)(2) and (c)(1) pursuant to their policy instruct the Commission to close out cases if the expiration date has passed. The Petitioner knows of no authority that allows the Commission to sentence as the Court's are the only Judical branch with that inherent power, Congress never intended any to supersede the court's power to pass Judgement without due process being violated. Here the Commission repeatedly take earned credit which is only given to the incarcerated person to release him from physical (Custody) to parole (Custody) under D.C. Code §24-204 now §24-404 which states:

(a) Whenever it shall appear to the Board of Parole that its a reasonable probablity that prisoner will live and remain at liberty without violating the law, that his release is not incompatible for the welfare of society, and that he has served the minimum sentence imposed or the prescribed portion of his sentence, as the case may be, the Board may authorize his release on parole such terms and conditions as the Board shall from time to time prescribe. While on parole, a prisoner in the L E A G A L   C U S T O D Y AND UNDER THE CONTROLE OF THE Attorney General of the United States or his Authorized Representative until the expiration of the maximum of the term or terms specified in his sentence without regard to good time allowences.

The respondents, hold a blatant disregard for the Court's Authority for the courts are the only entity that can grant a legal sentence to imprison Petitioner and the Respondents are agencies of the Executive branch which can only carry out the orders give to them by the Court's. For they are in no way can conduct Article I. or III procedings, and even the court's must adhere to the system set in place, or it causes an overthrow of our Governments system already set in place. Under the United States Constitution I,§9 it clearly grants the privilege of the habeas corpus and that right shall not be suppened, and no bill of attainder or ex-post-facto law shall be passed.

It is the Petitioner's contention that such custody as defined in Black's Law Dictionary 8th Ed. that: Custody - is the care and control of a thing or person for the inspection, preservation, or security. Constructive custody of a person (such as a parolee or probationer) whose freedom is controlled by legal authority but is not under physical control. This constructive custody as defined by Black's Law constitute the continuing chain of custody that has not been broken therefore meet the requirements of satisfying of custody that the petitioner was sentence to. In Millard v. Roach 631 A.2d 1217 the appellant was granted time where he spent time in another state due the statute 18 U.S.C. 3568 the referenced statute provides in pertinent part that:

> The sentence of imprisonment of any person convicted of an offense in a court of the United States shall commence to run from the date on which such person is recieved at the penitentiary reformatory or jail for such sentence, the Attorney General shall give any such person credit towards service of his sentence for any day spent in custody in connection with the offense or acts for which sentence[s] [are] imposed...<u>No sentence shall be prescribe any other method of computing the term.</u>

Since petitioner was on parole and or incarcerated he has thereinafter satisfied the term set by the court and thus causing this term set by the court to expire, in its entirety. The commission has no authority to extend that term without offending Due Process. The petitioner sites this statute

for the court to note the prior court ruling and to draw attention to the continuing abuse of power by the U.S. Parole Commission in "Double Counting and extending term[s]" originally set by the court which amount to crule and unusual punishment infliction, and double jeopardy.

In Caldwell v. U.S. 842 F.Supp. 945 at... 946 [1] the sentenceing commission fails to consider the interplay between the Parole Commission Guidelines and the Sentencing Guidelines in cases where a defendant has commited a crime while on parole. U.S. v. Weaver, 920 F.2d 1570,1575 (11th Cir. 1991);U.S. v Molena, 788 F. Supp. 158,159 (S.D.N.Y. 1992); U.S. v. Bell, 716 F.Supp. 1207, 1214 (D. Minn 1989), Approved by U.S. v. Stewart 917 F.2d 970,974 (6th Cir. 1990). Thus, neither 5G1,3 nor any other guidelines applies to defendants case.

Nevertheless, the court found that Caldwell was entitled relief because a term exceeded the maximum provided for by the Guidelines and the defendant was being punished twice: once by the Guidelines which add points to a paroled defendant's sentence under the criminal history category and also under ch.4pt.A dealing with crimes committed while under a criminal justice sentence, and Second time by the Parole Commission. Such "Double Counting" is unfair where as here the second sentence is imposed under the guidelines and the first sentence is regulated by the Parole Commission. See U.S. V. Weaver, (20 F.2d at...1575 and U.S. V. Molena, F.Supp. at...159. One of the principal reasons Congress adopted the sentencing Guidelines - not the announced sentence - in fact determined the period of confinement. (Citation Omitted). The initial confinement period determined by the parole board shortly after a prisoner's arrival is the functional equivalent of what the District Court not does at the Sentencing Hearing under the Sentence Guidelines.

The principle feature which distinguishes the two systems is that now, with one exception the period of confinement announced by the court is the sentence the offender will seve. The Petitioner draws reference to this case law to show that the courts are familiar with the U.S. Parole Commission's illegal practices of "Double Counting and Extending" of the sentencing process that leads to the petitioner being punished twice and longer for the same offense which is an enhancement of the term originally imposed without **safeguards,** thus a Habeas Corpus is the only true remedy to correct this abuse of power. The respondents action amount to cruel and unusual punishment, it violates Double Jeopardy, which also violates the Article IV of the U.S. Constitution with the design to further enslave by depiving the petitioner of his liberty, or property by violating due process of the law without just compensation.

    The petitioner does not raise the exact claim as caldwell but makes the claim reference to the fact that the respondents use this technique of double counting to caus the Petitioners sentence to be computed and re-caculated which amounts to a restructuring of the court's initial sentence mandate. This is where the Petitioner's claim asks the court to stop this illegal detention for the commission falls under the Executive Branch of Government and not the judiciary branch and their actions constitute a violation of the separation of power doctrine which also offend the United States Constitution.

    And if Repsondents are allwoed to continue to do what they are presently doing they would be violating Statute D.C. Code §24-231 now §24-221.03, violating 18 U.S.C. 4210, D.C. Code §24-404, and 18 U.S.C. §3568 now § 3585 where those statutes reconize time spent in custody and must be credited against any sentence that is imposed by the court, and credit that was earned while a person is serving the sentence can be taken if revoked (Note the language used (Credit) referring to good time credit which is given to a person to release him from physical custody to parole custody) that credit cannot be added to the expiration date, its credit.

The Petitioner is not arguing Noble IV, that Petitioners issue was before the court claiming that one statute repealed the other where the court ruled that implied repeals were not favored ducking the issue of custody altogether Petitioner is not arguing what statute should remain when they both do the opposite of each other, thats not my fight at this time, so make them stay with the issue. (custody) the land mark case adoped by the Supreme Court that Petitioner wishes the Honorable court to consider is <u>Jones v. Cunningham,</u> 83 S.Ct. 373 and if the court shepordized this case it would shurly find the answer. The Petitioner however, will try to make use of the limited material he has to work with. Petitioner contest prior responses rendered to other D.C.Prisoners. Petitioner is entitled to relief sought, that of the natural person can regain his liberty intrest as a free man unmolested by the hinderance of parole which is Legal Custody per D.C. Code §24-404.

In Closing the Respondent the United States Parole Commission still holds the Petitioner, as pointed out in <u>Jones v. Cunningham,</u> they can be required to do all things necessary to bring the case to final adjudication. The United States Parole Commission is the custodian and (including Noble 887 F.Supp. 11) it holds that Parole is Custody, under the United States parole Commission sentence, which is the one they have illegally extended.
AS TO THIS I SHALL REMAIN.

## Relief Sought

Petitioner seeks the closing out of all sentences that have expired in their complete amount and set the captive free this illegal detention.
Respectfully Submitted,

*Mervin Jackson* (signature)

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

**I (a) PLAINTIFFS**

Mervin Jackson

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

Pro Se

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

**DEFENDANTS**

D.C. Dept. of Corrections et al

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)

Case: 1:08-cv-00026
Assigned To : Kollar-Kotelly, Colleen
Assign. Date : 1/7/2008
Description: Habeas Corpus/2255

**II. BASIS OF JURISDICTION**
(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☒ U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in item III)

**III CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one in a corresponding Nature of Suit**)

**☐ A. Antitrust**
☐ 410 Antitrust

**☐ B. Personal Injury/Malpractice**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

**☐ C. Administrative Agency Review**
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

Other Statutes:
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

**☐ D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

**☐ E. General Civil (Other) OR ☐ F. Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

— 0 —

| ☒ G. *Habeas Corpus/ 2255* | ☐ H. *Employment Discrimination* | ☐ I. *FOIA/PRIVACY ACT* | ☐ J. *Student Loan* |
|---|---|---|---|
| ☒ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
| ☐ K. *Labor/ERISA (non-employment)* | ☐ L. *Other Civil Rights (non-employment)* | ☐ M. *Contract* | ☐ N. *Three-Judge Court* |
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ Multi district Litigation   ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

28 USC 224 - Habeas Corpus

**VII. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐   DEMAND $ _____   Check YES only if demanded in complaint   JURY DEMAND: ☐ YES ☒ NO

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   ☐ YES ☒ NO   If yes, please complete related case form.

DATE 1-7-08   SIGNATURE OF ATTORNEY OF RECORD   NCO

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.