UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MERVIN JACKSON,
    Petitioner                 )
                               )
        V.                   )       Civil Action No. 08-0026 (CKK)
                               )
D.C. DEPARTMENT OF CORRECTIONS,   )
            et al.,          )
    Respondents          )

FEDERAL RESPONDENTS' MOTION TO DISMISS
PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS
WITHOUT PREJUDICE

The U.S. Parole Commission and the Federal Bureau of Prisons ("federal respondents"), by and through their attorney, the United States Attorney for the District of Columbia, respectfully move to dismiss petitioner's petition for a writ of habeas corpus without prejudice, with leave to refile in the U.S. District Court for the District of Maryland, Southern Division.

PROCEDURAL BACKGROUND

Petitioner was sentenced by the Superior Court for the District of Columbia to an aggregate sentence of nine years and 180 days for the offenses of attempted distribution of cocaine and attempted possession of cocaine (Exhibit A, Bureau of Prisons Sentence Monitoring Computation Data). The D.C. Board of Parole granted petitioner parole for the first time on September 6, 1995 (Exhibit B, Notice of Board Order). Upon release, his sentence was to expire on September 26, 2002 as calculated by the D.C. Department of Corrections (Exhibit C, Face Sheet).

Petitioner failed to comply with the conditions of parole and, on May 9, 1997, the D.C. Board of Parole issued an order revoking petitioner's parole (Exhibit D). The D.C. Parole Board granted petitioner reparole on June 19, 1998 (Exhibit E, Certificate of Parole). He was to remain

on parole supervision until the expiration of his sentence on March 4, 2004, which had been calculated by the D.C. Department of Corrections based upon the D.C. Board of Parole's order, and the statutory mandate that all time spent on parole be forfeited under D.C. Code § 24-406(a).

Petitioner did not comply with the conditions of parole and, on June 19, 2001, following a revocation hearing, the U.S. Parole Commission ("Parole Commission" or "Commission") issued an order revoking petitioner's parole, forfeiting all of the time spent on parole, and granting reparole as of October 23, 2001 (Exhibit F, Notice of Action). Petitioner was released on parole supervision on October 23, 2001 (Exhibit G, Certificate of Parole). He was to remain on parole supervision until the recalculated expiration of his sentence on November 18, 2006.

Petitioner failed to comply with the conditions of parole, and his parole was revoked in 2004 after he agreed to an "Expedited Revocation Proposal." See 28 CFR § 2.66. An "expedited revocation procedure" means that the parolee agrees to the revocation of his parole without a hearing, in return for a specified reparole date from the Commission (Exhibit H). The Commission's decision is reflected in the notice of action dated March 11, 2004, which revokes petitioner's parole, forfeits all of the time petitioner spent on parole, and grants reparole as of May 5, 2004 (Exhibit I). Petitioner was reparoled on June 4, 2004 (Exhibit J).[1/]  He was to remain on parole supervision until the expiration of his sentence on September 29, 2008.

Petitioner failed to comply with the conditions of parole. After his return to custody on a parole violator warrant, a Parole Commission hearing examiner conducted a probable cause hearing on March 31, 2006 (Exhibit K, D.C. Probable Cause Hearing Digest). At the hearing, petitioner admitted to violating the conditions of parole and agreed to an "Advanced Consent to Expedited

---

[1/]     The parole date had been rescinded by 30 days for release planning purposes.

Revocation Decision" (Exhibit L).  Under the "Advanced Consent to Expedited Revocation Decision" the parolee signs an agreement in which he indicates that he is willing to accept revocation of his parole, forfeit of all of the time spent on parole, and receive a parole date at the bottom of the reparole guideline range, to be determined by the Commission (id.).

Based upon petitioner's parole violation conduct, the Commission determined that the reparole guidelines were 8 to 12 months; therefore, it revoked petitioner's parole, forfeited all of the time petitioner spent on parole and granted reparole after the service of eight months (Exhibit M).

Petitioner was reparoled on November 21, 2006, and was to remain on parole supervision until the expiration of his sentence on June 26, 2010 (Exhibit N).

Petitioner violated the conditions of parole and, on February 26, 2007, the Parole Commission issued a warrant for petitioner charging him with using drugs, failing to report to his supervision officer as directed, and failing to submit to drug testing (Exhibit O).

The Commission's warrant was executed on March 9, 2007 and, on March 12, 2007, a probable cause hearing was conducted at which petitioner admitted to violating the conditions of parole, and signed an "Advanced Consent to Expedited Revocation Decision" (Exhibit P and Q). On March 27, 2007, the Commission issued its decision to revoke petitioner's parole, forfeit all of the time spent on parole, and grant reparole after the service of eight months on November 8, 2007 (Exhibit R).  This decision conformed with the Advanced Consent to Expedited Revocation Decision that petitioner signed on March 12, 2007 (Exhibit Q).

Petitioner was released on parole on November 8, 2007, and is to remain on parole supervision until October 11, 2010 (Exhibit S).

<u>ARGUMENT</u>

THE PETITION SHOULD BE DISMISSED WITHOUT PREJUDICE, WITH
LEAVE TO REFILE IN THE U.S. DISTRICT COURT FOR THE DISTRICT OF
MARYLAND, SOUTHERN DIVISION

Courts considering a habeas petition must have personal jurisdiction over the "person having custody of the person detained." 28 U.S.C. § 2243.  See Rumsfeld v. Padilla, 542 U.S. 426, 435 (2004) (prisoner's custodian is the only proper respondent in a habeas matter); Glascoe v. U.S. Parole Comm'n, 2004 WL 2857284, *1 (D.C. Cir. Dec. 13, 2004) (court lacking jurisdiction over petitioner's custodian not proper forum for habeas petition).  Further, jurisdiction attaches, or not, "'on the initial filing for habeas relief.'"  Lee v. Wetzel, 244 F.3d 370, 375 n.5 (5th Cir. 2001) (quoting Santillanes v. U.S. Parole Comm'n, 754 F.2d 887, 888 (10th Cir. 1985)).

At the time petitioner filed his petition, January 7, 2008, he was residing in Maryland (Docket Sheet at 1), having been released on parole in November 2007 (Exhibit S).  Petitioner's custodian is located in Maryland.[2]  Accordingly, the Court should dismiss the petition without prejudice, with leave to refile in the U.S. District Court for the District of Maryland, Southern Division, where  petitioner's custodian resides.  See Stokes v. U.S. Parole Comm'n, 374 F.3d 1235, 1239 (D.C. Cir. 2004) (warden of correctional facility where petitioner resides is custodian for purposes of habeas jurisdiction); Chatman-Bey v. Thornburgh, 864 F.2d 804, 810 (D.C. Cir. 1988) ("well settled that the appropriate respondent in a habeas action is the custodian of the prisoner");

---

[2]    Under Jones v. Cunningham, 371 U.S. 236 (1963), petitioner's custodian is the Parole Commission, located in Chevy Chase, Maryland.  Id. at 243 (due to restraints and conditions of parole order, paroled prisoners are in custody of parole board).  Although Matthews v. Meese, 644 F. Supp. 380, 380 (1986), holds that a paroled prisoner's custodian is his parole officer,  petitioner's probation office is also located in Maryland (in Greenbelt).

4

In re Tripati, 836 F.2d 1406, 1407 (D.C. Cir. 1988) ("habeas petition may be adjudicated only in the district in which [petitioner's] immediate custodian, his warden, is located"); Guerra v. Meese, 786 F.2d 414, 415 (D.C. Cir. 1986) (§ 2241 requires personal jurisdiction over custodian); cf. Outlaw v. Hawk-Sawyer, 321 F. Supp. 2d 96, 98 (D.D.C. 2004) (ordering transfer of single-petitioner habeas case).

Finally, the Court should first notify Jackson of its intention to dismiss his petition for lack of personal jurisdiction over his custodian and to grant leave to refile in the jurisdiction in which his custodian resides, the U.S. District Court for the District of Maryland, Southern Division. Cf. Chatman-Bey, 864 F. 2d at 814 (authorizing district courts to "transfer [habeas] cases sua sponte, after the habeas petitioner has been afforded notice and an opportunity to respond").

CONCLUSION

WHEREFORE, the federal respondents submit that the Court should dismiss petitioner's petition, without prejudice, with leave to refile in the U.S. District Court for the District of Maryland, Southern Division.

Respectfully submitted,

JEFFREY A. TAYLOR (D.C. Bar 498-610)
United States Attorney

JOHN P. MANNARINO (D.C. Bar No. 444-384)
Chief, Special Proceedings Division

  /s/ Thomas S. Rees
THOMAS S. REES (D.C. Bar No. 358-962)
Assistant United States Attorney
Special Proceedings Division
555 Fourth Street, N.W., Tenth Floor
Washington, D.C. 20530
(202) 305-4882

5

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 16th day of April, 2008, a copy of the foregoing federal

respondents' motion to dismiss was served first class mail, postage prepaid, on:

Interim Attorney General Peter J. Nickles
Government of the District of Columbia
441 4th Street, N.W.
Suite 1060N
Washington, D.C. 20001

Mervyn Jackson
217 Weymouth Street
Upper Marlboro, Maryland 20784

/s/ Thomas S. Rees
THOMAS S. REES
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MERVIN JACKSON,
     Petitioner                    )
                                     )
          V.                    )     Civil Action No. 08-0026 (CKK)
                                     )
D.C. DEPARTMENT OF CORRECTIONS,    )
          et al.,             )
     Respondents         )

**Order**

     Upon consideration of the federal respondents' motion to dismiss petitioner's petition for a writ of habeas corpus without prejudice, it is this _____ day of _____, 2008, hereby

     **ORDERED** that the petitioner may respond to the motion to dismiss no later than _____. If petitioner does not respond within that time, the Court will treat the matter as conceded, and dismiss the petition without prejudice, with leave to refile in the U.S. District Court for the District of Maryland, Southern Division, where petitioner's custodian is located.

                                       _____
                                       Colleen Kollar-Kotelly
                                       United States District Judge

Copies to:

Mervyn Jackson
217 Weymouth Street
Upper Marlboro, Maryland 20784

Thomas S. Rees
United States Attorney's Office
Special Proceedings Division
555 4th Street, N.W., Room 10-911
Washington, D.C. 20530

Interim Attorney General Peter J. Nickles
Government of the District of Columbia
441 4th Street, N.W.
Suite 1060N
Washington, D.C. 20001

# UNITED STATES PAROLE COMMISSION

## <u>CERTIFICATE</u>

I, Helen H. Krapels, Assistant General Counsel in the Office of General Counsel for the

United States Parole Commission, with offices at 5550 Friendship Boulevard, Chevy Chase,

Maryland 20815, hereby certify that the attached exhibits are true copies of documents found in

the U.S. Parole Commission's file pertaining to Jackson, Mervin, Federal Register Number

24068-016.

IN WITNESS WHEREOF, I have signed this 18th day of March, 2008, and affixed the

seal of the U.S. Parole Commission.



HELEN H. KRAPELS
Assistant General Counsel
U.S. Parole Commission

```
5H    PAR9B  540*23 *          SENTENCE MONITORING        *     03-18-2008
  PAGE 001          *          COMPUTATION DATA           *     09:26:50
                               AS OF 11-08-2007
```

REGNO..: 24068-016 NAME: JACKSON, MERVIN


FBI NO..........: 567443HA0           DATE OF BIRTH: ███████████
ARS1............: CDC/PL PROB
UNIT............:                      QUARTERS....:
DETAINERS.......: NO                   NOTIFICATIONS: NO

PRE-RELEASE PREPARATION DATE: 10-16-2007

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S PRIOR COMMITMENT.
THE INMATE WAS SCHEDULED FOR RELEASE:  11-08-2007 VIA PAROLE

----------------------PRIOR JUDGMENT/WARRANT NO: 030 ----------------------

COURT OF JURISDICTION...........: DIST OF COLUMBIA, SUPERIOR CRT
DOCKET NUMBER...................: F7295-90/F4093-92
JUDGE...........................: ZELDON
DATE SENTENCED/PROBATION IMPOSED: 12-18-1992
DATE WARRANT ISSUED.............: 02-26-2007
DATE WARRANT EXECUTED...........: 03-09-2007
DATE COMMITTED..................: 05-02-2007
HOW COMMITTED...................: RETURN OF PAROLE VIOLATOR
PROBATION IMPOSED...............: NO
SPECIAL PAROLE TERM.............:


RESTITUTION...:  PROPERTY:  NO  SERVICES:  NO       AMOUNT:  $00.00

----------------------PRIOR OBLIGATION NO: 010 ----------------------
OFFENSE CODE....:  620
OFF/CHG: T33-549 ATTEMPTED DIST OF COCAINE; ATTEMPTED POSSESSION
         OF COCAINE & POSSESSION OF COCAINE-DCPV

 SENTENCE PROCEDURE.............: DC GTCA ADULT SENTENCE
 SENTENCE IMPOSED/TIME TO SERVE.:   9 YEARS     180 DAYS
 NEW SENTENCE IMPOSED...........:  1313 DAYS
 BASIS FOR CHANGE...............: PAROLE VIOLATOR WARRANT EXEC
 DATE OF OFFENSE................: 07-03-1990




   G0002       MORE PAGES TO FOLLOW . . .

EXHIBIT
A

```
5H    PAR9B  540*23 *          SENTENCE MONITORING        *      03-18-2008
PAGE 002        *              COMPUTATION DATA     *      09:26:50
                               AS OF 11-08-2007
```

REGNO..: 24068-016 NAME: JACKSON, MERVIN


---------------------------PRIOR COMPUTATION NO: 030 ---------------------------

COMPUTATION 030 WAS LAST UPDATED ON 04-06-2007 AT DSC AUTOMATICALLY
COMPUTATION CERTIFIED ON 04-14-2007 BY DESIG/SENTENCE COMPUTATION CTR

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
PRIOR COMPUTATION 030:   030 010

```
DATE COMPUTATION BEGAN..........: 03-09-2007
TOTAL TERM IN EFFECT............: 1313 DAYS
TOTAL TERM IN EFFECT CONVERTED..:    3 YEARS      7 MONTHS     3 DAYS
EARLIEST DATE OF OFFENSE........: 07-03-1990

TOTAL JAIL CREDIT TIME..........: 0
TOTAL INOPERATIVE TIME..........: 0
STATUTORY GOOD TIME RATE........: 7
TOTAL SGT POSSIBLE..............: 301
PAROLE ELIGIBILITY..............: COMMISSION'S DISCRETION
STATUTORY RELEASE DATE..........: 12-14-2009
TWO THIRDS DATE.................: N/A
180 DAY DATE....................: N/A
EXPIRATION FULL TERM DATE.......: 10-11-2010

PAROLE EFFECTIVE................: 11-08-2007
PAROLE EFF VERIFICATION DATE....: 03-27-2007
NEXT PAROLE HEARING DATE........: UNKNOWN
TYPE OF HEARING.................: UNKNOWN

ACTUAL SATISFACTION DATE........: 11-08-2007
ACTUAL SATISFACTION METHOD......: PAROLE
ACTUAL SATISFACTION FACILITY....: RIV
ACTUAL SATISFACTION KEYED BY....: JWW

DAYS REMAINING..................: 1068
FINAL PUBLIC LAW DAYS...........: 0
```

REMARKS.......: FINAL RELEASE AUDIT COMPLETED ON 04-14-2007




G0002      MORE PAGES TO FOLLOW . . .

```
5H      PAR9B  540*23 *           SENTENCE MONITORING       *      03-18-2008
PAGE 003          *              COMPUTATION DATA           *     09:26:50
                                 AS OF 11-21-2006
```

REGNO..: 24068-016 NAME: JACKSON, MERVIN


```
FBI NO...........: 567443HA0          DATE OF BIRTH:
ARS1.............: CDC/PL PROB
UNIT.............:                     QUARTERS.....:
DETAINERS........: NO                  NOTIFICATIONS: NO
```

PRE-RELEASE PREPARATION DATE: 10-28-2006

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S PRIOR COMMITMENT.
THE INMATE WAS SCHEDULED FOR RELEASE: 11-21-2006 VIA PAROLE

----------------------PRIOR JUDGMENT/WARRANT NO: 020 ----------------------

```
COURT OF JURISDICTION..........: DIST OF COLUMBIA, SUPERIOR CRT
DOCKET NUMBER..................: F7295-90/F4093-92
JUDGE..........................: ZELDON
DATE SENTENCED/PROBATION IMPOSED: 12-18-1992
DATE WARRANT ISSUED............: 02-06-2006
DATE WARRANT EXECUTED..........: 03-22-2006
DATE COMMITTED.................: 05-18-2006
HOW COMMITTED..................: RETURN OF PAROLE VIOLATOR
PROBATION IMPOSED..............: NO
SPECIAL PAROLE TERM............:
```


RESTITUTION...: PROPERTY: NO SERVICES: NO      AMOUNT: $00.00

----------------------PRIOR OBLIGATION NO: 010 ----------------------

OFFENSE CODE....:   620
OFF/CHG: T33-549 ATTEMPTED DIST OF COCAINE; ATTEMPTED POSSESSION
         OF COCAINE & POSSESSION OF COCAINE-DCPV

```
SENTENCE PROCEDURE.............: DC GTCA ADULT SENTENCE
SENTENCE IMPOSED/TIME TO SERVE.:    9 YEARS     180 DAYS
NEW SENTENCE IMPOSED...........: 1570 DAYS
BASIS FOR CHANGE...............: PAROLE VIOLATOR WARRANT EXEC
DATE OF OFFENSE................: 07-03-1990
```


G0002      MORE PAGES TO FOLLOW . . .

```
5H    PAR9B  540*23 *            SENTENCE MONITORING        *     03-18-2008
PAGE 004         *              COMPUTATION DATA        *    09:26:50
                                AS OF 11-21-2006
```

REGNO..: 24068-016 NAME: JACKSON, MERVIN


------------------------PRIOR COMPUTATION NO: 020 --------------------------

COMPUTATION 020 WAS LAST UPDATED ON 06-07-2006 AT DSC AUTOMATICALLY
COMPUTATION CERTIFIED ON 06-12-2006 BY DESIG/SENTENCE COMPUTATION CTR

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
PRIOR COMPUTATION 020:    020 010

```
DATE COMPUTATION BEGAN..........: 03-22-2006
TOTAL TERM IN EFFECT............: 1570 DAYS
TOTAL TERM IN EFFECT CONVERTED..:    4 YEARS     3 MONTHS     17 DAYS
EARLIEST DATE OF OFFENSE........: 07-03-1990

JAIL CREDIT.....................:    FROM DATE      THRU DATE
                                    03-10-2006     03-21-2006


TOTAL JAIL CREDIT TIME..........: 12
TOTAL INOPERATIVE TIME..........: 0
STATUTORY GOOD TIME RATE........: 7
TOTAL SGT POSSIBLE..............: 360
PAROLE ELIGIBILITY..............: COMMISSION'S DISCRETION
STATUTORY RELEASE DATE..........: 07-01-2009
TWO THIRDS DATE.................: N/A
180 DAY DATE....................: N/A
EXPIRATION FULL TERM DATE.......: 06-26-2010

PAROLE EFFECTIVE................: 11-21-2006
PAROLE EFF VERIFICATION DATE....: 04-25-2006
NEXT PAROLE HEARING DATE........: N/A
TYPE OF HEARING.................: PAROLE EFFECTIVE

ACTUAL SATISFACTION DATE........: 11-21-2006
ACTUAL SATISFACTION METHOD......: PAROLE
ACTUAL SATISFACTION FACILITY....: RIV
ACTUAL SATISFACTION KEYED BY....: JWW

DAYS REMAINING..................: 1313
FINAL PUBLIC LAW DAYS...........: 0
```

                    RELEASE AUDIT 06-12-06.




```
G0002       MORE PAGES TO FOLLOW . . .
```

```
5H    PAR9B  540*23 *           SENTENCE MONITORING        *      03-18-2008
PAGE 005        *              COMPUTATION DATA        *      09:26:50
                               AS OF 06-04-2004
```

REGNO..: 24068-016 NAME: JACKSON, MERVIN


FBI NO..........: 567443HA0              DATE OF BIRTH:  ▇▇▇▇▇▇▇▇
ARS1............: CDC/PL PROB
UNIT............:                        QUARTERS.....:
DETAINERS.......: NO                     NOTIFICATIONS: NO

PRE-RELEASE PREPARATION DATE: 05-09-2004

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S PRIOR COMMITMENT.
THE INMATE WAS SCHEDULED FOR RELEASE:  06-04-2004 VIA PAROLE

----------------------PRIOR JUDGMENT/WARRANT NO: 010 ----------------------

COURT OF JURISDICTION..........: DIST OF COLUMBIA, SUPERIOR CRT
DOCKET NUMBER..................: F-7295/4093/4195
JUDGE..........................: ZELSON
DATE SENTENCED/PROBATION IMPOSED: 06-06-2001
DATE WARRANT ISSUED............: 02-26-2002
DATE WARRANT EXECUTED..........: 09-05-2003
DATE COMMITTED.................: 04-30-2004
HOW COMMITTED..................: RETURN OF PAROLE VIOLATOR
PROBATION IMPOSED..............: NO
SPECIAL PAROLE TERM............:


RESTITUTION...: PROPERTY: NO SERVICES: NO      AMOUNT: $00.00

-----------------------PRIOR OBLIGATION NO: 010 ---------------------------
OFFENSE CODE....:  620
OFF/CHG: T33-549 ATTEMPTED DIST OF COCAINE; ATTEMPTED POSSESSION
            OF COCAINE & POSSESSION OF COCAINE

  SENTENCE PROCEDURE............: DC GTCA ADULT SENTENCE
  SENTENCE IMPOSED/TIME TO SERVE.:     9 YEARS     180 DAYS
  NEW SENTENCE IMPOSED..........: 1852 DAYS
  BASIS FOR CHANGE..............: PAROLE VIOLATOR WARRANT EXEC
  DATE OF OFFENSE...............: 04-16-1992




   G0002      MORE PAGES TO FOLLOW . . .
```

```
5H    PAR9B  540*23 *          SENTENCE MONITORING      *    03-18-2008
PAGE 006 OF 006 *              COMPUTATION DATA       *    09:26:50
                               AS OF 06-04-2004
```

REGNO..: 24068-016 NAME: JACKSON, MERVIN


------------------------PRIOR COMPUTATION NO: 010 -------------------------

COMPUTATION 010 WAS LAST UPDATED ON 06-04-2004 AT CDC AUTOMATICALLY

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
PRIOR COMPUTATION 010:   010 010

```
DATE COMPUTATION BEGAN.........: 09-05-2003
TOTAL TERM IN EFFECT...........: 1852 DAYS
TOTAL TERM IN EFFECT CONVERTED..:    5 YEARS      25 DAYS
EARLIEST DATE OF OFFENSE........: 04-16-1992

TOTAL JAIL CREDIT TIME..........: 0
TOTAL INOPERATIVE TIME..........: 0
STATUTORY GOOD TIME RATE........: 8
TOTAL SGT POSSIBLE..............: 486
PAROLE ELIGIBILITY..............: COMMISSION'S DISCRETION
STATUTORY RELEASE DATE..........: 06-01-2007
TWO THIRDS DATE.................: N/A
180 DAY DATE....................: N/A
EXPIRATION FULL TERM DATE.......: 09-29-2008

PAROLE EFFECTIVE................: 06-04-2004
PAROLE EFF VERIFICATION DATE....: 06-04-2004
NEXT PAROLE HEARING DATE........: N/A
TYPE OF HEARING.................: PAROLE EFFECTIVE

ACTUAL SATISFACTION DATE........: 06-04-2004
ACTUAL SATISFACTION METHOD......: PAROLE
ACTUAL SATISFACTION FACILITY....: CDC
ACTUAL SATISFACTION KEYED BY....: PEN

DAYS REMAINING..................: 1578
FINAL PUBLIC LAW DAYS...........: 0
```

                   NOA DTD 05-06-04 R/R PAR EFF DATE OF 05-05-04 BY 30 DAYS, PAR
                   EFF 06-04-04.


S0039      ALL CURRENT COMPS ARE SATISFIED

 

# The Board of Parole
### *of the*
## District of Columbia

## NOTICE OF BOARD ORDER

Order # 1 of 1

In reference to:

**DCDC** 236-016 

**DOB** ▉▉▉▉▉

**DOCKET** H9506-0009

**NAME** MERVIN JACKSON

**SSN** ▉▉▉▉▉   **LOCATION** SHAW #1

**CONSIDERATION TYPE** H:EARLY INITIAL

The District of Columbia Board of Parole issues the following **ORDER:**

GRANT PAROLE THROUGH WORK RELEASE TO SUPERVISION ON
OR AFTER 09/06/1995

Implementation of this Order shall include the following:
Special Conditions of Parole

NARCOTICS SURVEILLANCE

Remarks:

*Margaret Quick* ) - 5

06/06/1995
_____
Date

Seal

Chairman
on behalf of the Board of Parole

[ Parole Determination File ]

NOA Date 7-18-95 by 47B

**EXHIBIT**
**B**

ADP Form 19 DCDC-7-70




# DISTRICT OF COLUMBIA
## DEPARTMENT OF CORRECTIONS
### FACE SHEET No. 2

Date Prepared 6-9-94 (Mo., Da., Yr.)

| DCDC Number | Name (Last, First, Middle) | | Race | Sex |
|---|---|---|---|---|
| 236016 | Jackson, Mervin | | | |

| Height | Weight | Build | Eyes | Hair | Age | Birth Date | Place of Birth |
|---|---|---|---|---|---|---|---|
| | | | | | | ▓▓▓▓ | |

| | | | |
|---|---|---|---|
| Offense | Att. Dist. Cocaine | Att Poss Coc. | |
| Case Number | F 7295-90D | F 4093-92 C | |
| Sentence (Yrs., Mos., Days) | 3-9 yrs | 180 days cons. | |
| Warrant Executed / Sentence Begins (Mo., Da., Yr.) | 5-6-94 | 5-19-94 | |
| Full Term Date (Mo., Da., Yr.) | | 9-26-2002 | |
| Short Term / M.R. Date (Mo., Da., Yr.) | | 3-29-2000 | |
| Parole Eligibility Date (Mo., Da., Yr.) | | 9-6-1995 | |
| Max. Supervision Date (Mo., Da., Yr.) | | | |
| Statutory Good Time Rate / Month | | 266 / 912 | |
| Plea | | Guilty | |
| Committing Judge | Tignor | Zeldon | |
| Defense Attorney | | | |
| Initialed By: | | Mac | |

| DETAINERS | | | CONDUCT CREDITS | | | | |
|---|---|---|---|---|---|---|---|
| Date Filed | For | Action | Date | Credits | Forfeit | Restore | Balance |
| | | | | | | | |
| | | | | | | | |

| DATES | | REMARKS |
|---|---|---|
| From and Including | To and Including | Case pending F 4195-94 C |
| 7-4-?? | ?-4-93 = 305 days | Sentenced 90 days |
| 4-16-92 | 6-22-92 = 68 | 7/18/94 |
| 4-8-94 | 5-5-94 = 28 days | |
| | Total 401 days | |

**EXHIBIT C**

YELLOW COPY TO ADP

 

# The Board of Parole
### *of the*
## *District of Columbia*

## NOTICE OF BOARD ORDER

Order # 1 of 1

In reference to:

**DCDC** 236-016                    **NAME** MERVIN  JACKSON

**DOB** ████                **SSN** ████        **LOCATION** MEDIUM

**DOCKET** H9705-0018        **CONSIDERATION TYPE** H:REVOCATION

The District of Columbia Board of Parole issues the following **ORDER:**

> REVOKE PAROLE FOR NONCRIMINAL VIOLATION(S); CONSIDER
> FOR REPAROLE BY 04/04/1998

Implementation of this Order shall include the following:
Special Instructions for Reconsideration

> INTENSIVE DRUG PROGRAM

Remarks:

> ILLEG USED CONTROL-DANGER SUBSTANCE
> FAILED TO REPORT AS DIRECTED
> NONCOMPLIANCE: NARC SURVEILLANCE

05/09/1997
_____
Date

*Margaret Quick* - 1
_____
Chairman
on behalf of the Board of Parole

A TRUE COPY
TEST                    Seal

*Michael Green*

Director. Michael Green
Parole Termination
D.C. Board of Parole

[ Suspense ]
EDELIN, P

**EXHIBIT**
D

PB-16
(Revised 10/81)



# BOARD OF PAROLE
## DISTRICT OF COLUMBIA
### CERTIFICATE OF PAROLE

ADULT

AP–21380–98

The DISTRICT OF COLUMBIA BOARD OF PAROLE, having been advised that _____ Jackson, Mervin _____ D.C.D.C. __236–016__ is eligible to be PAROLED, and it being the opinion of the BOARD OF PAROLE that the above-named will remain at liberty without violating the law and that the release of the individual to supervision is not incompatible with the welfare of society, it is ORDERED by the BOARD that the above-named be PAROLED on ____ June 19th ____, 19_98_, and that said person remain under supervision within the limits of the ___ Metropolitian Area _____ (including the District of Columbia; Prince Georges and Montgomery Counties of Maryland; Arlington and Fairfax Counties of Virginia, including the cities of Alexandria, Fairfax and Falls Church, Virginia) until _ March 4, 2004 _____ —; unless or until other action is taken by the District of Columbia BOARD OF PAROLE.

This action is subject to the above-named individual's signing an agreement to abide by and comply with all of the conditions of parole as shown on the reverse side of this CERTIFICATE.

Given under the hands and seal of the BOARD this ____ 30th _____ day of _____ April _____, 1998.

*Margaret Quick* 3

The above-named was released on the _____ day of _____, 19____.

................................................
Administrator

**EXHIBIT**
E

81—PS804

 

STATEMENT OF THE CONDITIONS UNDER WHICH YOUR PAROLE IS GRANTED:

1. I will report immediately upon my release to Mr. Rush, 300 Indiana Ave., N.W., 202-727-5130 Department of Corrections, Room 2029, for my final instructions.

2. I will not go outside the parole limits fixed in the Certificate of Parole without first obtaining the approval of my Parole Officer.

3. I will not visit or frequent any illegal establishments including places where alcoholic beverages are unlawfully sold, dispensed or used.

4. I will not illegally possess, use, sell, or purchase any narcotic drug, controlled dangerous substance or related paraphernalia. Nor will I frequent or visit places where any narcotic drug, controlled substance or related paraphernalia is illegally sold, dispensed, used or given away.

5. I will not own, possess, use, sell or have under my control any deadly weapon or firearms.

6. I will make diligent efforts to find and maintain legitimate employment and will support myself and legal dependents to the best of my ability.

7. I will keep my Parole Officer informed at all times as to where I reside and work; and, in the event that I lose my employment or change my place of residence, I will immediately notify my Parole Officer.

8. I will not enter into any agreement to act as an informer or special agent for any law enforcement agency.

9. I will obey all laws and will personally report to my Parole Officer, at my earliest opportunity, any arrest or other involvement with law enforcement authorities.

10. I will cooperate fully with the Board and those responsible for my supervision. I will carry out the instructions of my Parole Officer and report as directed, knowing that failure to do so may, at the discretion of the Board of Parole, be sufficient to cause my return to the institution.


SPECIAL CONDITIONS:
        Narcotic Surveillance
        Outpatient Drug Program


I have read or had read to me the conditions of my release and understand that my failure to comply with any one of them may be considered a violation of my release for which I am subject to be returned as a violator. I hereby agree to abide by and comply with all of the conditions of parole as stated above.

-------------------------------- -------------------------------- --------------------------------
Signature of Parolee              D.C.D.C.                          Date


-------------------------------- -------------------------------- --------------------------------
Signature of Witness              Title                             Date

**U.S. Department of Justice**
United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland 20815-7201

Notice of Action

Name: JACKSON, Mervin

Institution: Lorton Central

Register Number: 00236+016

In the case of the above named the following parole action was ordered:

### DC Local Revocation

Revoke parole. None of the time spent on parole shall be credited. Parole effective (October 23, 2001) after the service of 8 months. You shall be subject to the Special Drug Aftercare Condition which requires that you participate as instructed by your Supervision Officer in a program (inpatient or outpatient) approved by the D.C. Court Services and Offender Supervision Agency for the treatment of narcotic addiction or drug dependency which may include testing and examination to determine if you have reverted to the use of drugs. You shall also abstain from the use of alcohol and/or all other intoxicants during and after the course of treatment.

### FINDINGS OF FACT

The Commission finds as a fact that you violated the condition of release as indicated below:

Charge No. 1 - Failure to Find Legitimate Employment

Basis: Your admission.

Charge No. 2 - Failure to Keep CSO Informed of Residence.

Basis: Your admission.

Charge No. 3 - Failure to Report as Directed

Basis: Your admission.

### REASONS:

Your parole violation behavior has been rated as Category One severity because it involved administrative violations. Your new salient factor score is 6. As of 4/23/2001, you have been in custody for 2 months. Guidelines established by the Commission indicate a customary range of 0-8 months to be served before release. After review of all relevant factors and information presented, a decision outside the guidelines at this consideration is not found warranted.

THE ABOVE DECISION IS NOT APPEALABLE.

**EXHIBIT**

Date: June 19, 2001

Clerk: VAH

USM-District of Columbia - District Court Page 1 of 3

JACKSON.236

Copies of this Notice are sent to your institution and to your Supervision Officer. In certain cases, copies may also be sent to the sentencing court. You are responsible for advising any others you wish to notify.

See the attached sheet for an explanation of the Salient Factor Score and your item individual points.

Williette Copeland
D.C. Court Services & Offender Supervision Agency
300 Indiana Avenue, N.W.
Room 2010
Washington, D.C. 20001

U.S. Marshal
District of Columbia - District Court
333 Constitution Avenue, N.W.
Room 7337
Washington, D.C. 20001
Attn: Warrant Squad



Date: June 19, 2001                                        Clerk: VAH

USM-District of Columbia - District Court  Page 2 of 3      JACKSON.236

| Your Pts | SFS-98 Item Explanations |
|---|---|
| 1 | A - Prior convictions/adjudications    (adult or juvenile)  None = 3; One = 2;Two or three = 1; Four or more = 0 |
| 1 | B - Prior commitments   of more than 30 days (adult or juvenile)  None = 2;One or two = 1; Three or more = 0 |
| 3 | C - Age at commencement  of the current offense/prior commitments   of more than  thirty  days (adult or juvenile) (see table below for an explanation) |
| 0 | D - Recent commitment  free period (three years) No prior commitment  of more than  thirty  days (adult or juvenile), or released  to the community  from last such commitment  at least three years  prior to the commencement of the current offense  = 1; Otherwise  = 0 |
| 0 | E - Probation/parole/confinement/escape    status  violator  this time Neither  on probation,  parole, confinement,  or escape  status  at the time of the current offense; nor committed  as a probation,  parole,  confinement,  or escape  status  violator  this time = 1; Otherwise   = 0 |
| 1 | F - Older offenders If the offender was 41 years or more at the commencement  of the current offense (and the total score from Items  A-E above is 0 or less)  = 1; Otherwise  = 0 |
| 6 | Total Salient Factor Score (SFS-98) (sum of points for items A-F above) |



| Points For SFS-98 Item C | | |
|---|---|---|
| Age | Prior Commitments | |
| | | |
| 26 & Up | 3 | |
| 22-25 | 2 | 1 | 0 |
| 20-21 | 1 | 0 | 0 |
| 19 | 0 | 0 | 0 |

**U.S. Department of Justice**
**United States Parole Commission**

## *Corrected* CERTIFICATE OF PAROLE
### District of Columbia Offender

Know All Men By These Presents:

It having been made to appear to the United States Parole Commission that **JACKSON, Mervin, REG No. 24068-016**, (DCDC No. **236-016**), is eligible to be paroled, and that there is a reasonable probability that the prisoner will live and remain at liberty without violating the law, and that his release is not incompatible with the welfare of society, it is ORDERED by the said United States Parole Commission that said prisoner be paroled on **October 23, 2001**, and that said prisoner is to reside within the District of Columbia and to remain within the limits of **the Washington, D.C. Metropolitan Area** (including the District of Columbia; Prince Georges and Montgomery Counties of Maryland; Arlington and Fairfax Counties of Virginia, including the cities of Alexandria, Fairfax, and Falls Church, Virginia) until and including **November 18, 2006**.

Given under the hands and the seal of the United States Parole Commission on **October 22, 2001**.
UNITED STATES PAROLE COMMISSION

*Mary Jo Williams*

By: **Mary Jo Williams, Case Analyst**

Docket/Case Number:F7295-90D, F4093-92C, M4195-94B
Initial Risk Category: SFS - 6

**Acknowledgement of Release Conditions:**
I have read, or had read to me, the conditions of release printed on the attached Conditions of Release form and received a copy thereof. I fully understand them and know that if I violate any, I may be recommitted.

**Consent to the Disclosure of Drug/Alcohol Treatment Information:**
By signing this Parole Certificate, I consent to the unrestricted communication between any treatment facility administering a drug or alcoholic treatment program in which I am, or will be participating, and the Parole Supervision Services Division of the District of Columbia Board of Parole. I further consent to the disclosure by such facility to the Parole Supervision Services Division of any information requested, and the redisclosure of such information to any agencies that require it for the performance of their official duties. This consent shall be irrevocable until the termination of parole supervision.

_____          _____
Name                                                              DCDC No.

Witnessed: _____
                    Name and Title                              Date

The above-named person was released on the _____ day of _____, 20___ with a total of _____ days remaining to be served.

**EXHIBIT**
**C**

**Official Certifying Release**

This CERTIFICATE will become effective ⬤e day of release indicated above. If the releasee ⬤ to comply with any of the conditions listed on the attached page, the releasee may be summoned to a hearing or retaken on a warrant and reimprisoned pending a hearing to determine if the release should be revoked.

## CONDITIONS OF RELEASE

1. You shall go directly to the district named in the certificate (unless released to the custody of other authorities). Within three days after your release, you shall report to the supervision office named on the certificate. If in any emergency you are unable to get in touch with the supervision office, you shall communicate with the *United States Parole Commission, Chevy Chase, Maryland 20815-7286.*

2. If you are released to the custody of other authorities, and after release from the physical custody of such authorities, you are unable to report to the supervision office within three days, you shall report instead to the nearest U.S. Probation Officer.

3. You shall not leave the geographic limits fixed by the certificate of release without written permission from your Supervision Officer.

4. You shall make a complete and truthful written report (on a form provided for that purpose) to your Supervision Officer between the first and third day of each month, and on the final day of parole. You shall also report to your Supervision Officer at other times as your Supervision Officer directs, providing complete and truthful information.

5. You shall not violate any law. You shall not associate with persons engaged in criminal activity. You shall get in touch within 2 days with your Supervision Officer if you are arrested or questioned by a law-enforcement officer.

6. You shall not associate with persons who have a criminal record without the permission of your Supervision Officer.

7. You shall not enter into any agreement to act as an informer or special agent for any law-enforcement agency without permission from your Supervision Officer.

8. You shall work regularly unless excused by your Supervision Officer, and support your legal dependents, if any, to the best of your ability. You shall report within 2 days to your Supervision Officer any changes in employment. You shall notify your Supervision Officer within 2 days of any change in your place of residence.

9. You shall not drink alcoholic beverages to excess. You shall not purchase, possess, sell, manufacture, use, or distribute any controlled substance or drug paraphernalia unless such usage is pursuant to a lawful order of a practitioner and you promptly notify your Supervision Officer of same. You shall not frequent places where such drugs are illegally sold, dispensed, used or given away.

10. You shall not own, possess, use, sell, or have under your control any firearm, ammunition, or other dangerous weapons.

11. You shall permit visits by your Supervision Officer to your residence and to your place of business or occupation. You shall permit confiscation by your Supervision Officer of any materials which the officer believes may constitute contraband in your possession and which he observes in plain view of your residence, place of business or occupation, vehicle(s), or on your person. The Commission may also, when a reasonable basis for so doing is presented, modify the conditions of parole to require you to permit the Supervision Officer to conduct searches and seizures of concealed contraband on your person, and in any building, vehicle, or other area under your control, at such times as the Supervision Officer shall decide.

12. You shall make a diligent effort to satisfy any fine, restitution order, court costs or assessment, and/or court ordered child support or alimony payment that has been, or may be, imposed, and shall provide such financial information as may be requested, by your Supervision Officer, relevant to the payment of the obligation. If unable to pay the obligation in one sum, you will cooperate with your Supervision Officer in establishing an installment payment schedule.

13. You shall be screened for the presence of controlled substances by appropriate tests as may be required by your Supervision Officer.

14. You shall cooperate fully with those responsible for your supervision. You shall carry out the instructions of your Supervision Officer and report as directed, knowing that failure to do so may be sufficient to cause your return to the institution.

15. You shall submit to the sanctions imposed by your Supervision Officer (within the limits established by the approved Schedule of Accountability Through Graduated Sanctions), if the Supervision Officer finds that you have tested positive for illegal drugs or that you have committed any non-criminal violation of the release conditions. Graduated sanctions may include community service, curfew with electronic monitoring, and/or a period of time in a community treatment center. Your failure to cooperate with a graduated sanction imposed by your Supervision Officer will subject you to the issuance of a summons or warrant by the Commission, and a revocation hearing at which you will be afforded the opportunity to contest the violation charge(s) upon which the sanction was based. If the Commission finds that you have violated parole as alleged, you will also be found to have violated this condition. In addition, the Commission may override the imposition of a graduated sanction at any time and issue a warrant or summons if it finds that you are a risk to the public safety or that you are not complying with this condition in good faith.

16. If you have been convicted of any sexual offense under District of Columbia or federal law (including the Uniform Code of Military Justice), you must report for registration with your supervision office (including the District of Columbia) sex offender registration agency as directed by your Supervision Officer. You are required to report for registration in any state (including the District of Columbia) in which you live, work, attend school, or pursue any vocation. You must be registered in compliance with any law that applies to current or prior federal, state, or local convictions for sexual offenses, and in compliance with 42 U.S.C. § 14072(i) (which makes it a federal crime for any offender covered by 18 U.S.C. § 4042 not to register in accordance with state law). If there is any question as to whether or where you are required to register, you must seek and follow the guidance of your Supervision Officer.

**You shall also abide by the below** **ed special condition(s) as indicated:** 

**In addition, you shall be subject to the Special Drug Aftercare Conditions which requires that you participate as instructed by your Supervision Officer in a program (inpatient or outpatient) approved by the D.C. Court Services and Offender Supervision Agency for the treatment of narcotic addiction or drug and/or alcohol dependency, which may include testing and examination to determine if you have reverted to the use of drugs or alcohol. You shall also abstain from the use of alcohol and/or all other intoxicants during and after the course of treatment.**

**The Parole Commission may add to, modify, or delete any condition of release at any time.**

**Information concerning a releasee under the supervision of the Parole Supervision Services Division may be disclosed to a person or persons who may be exposed to harm through contact with that particular releasee if such disclosure is deemed to be reasonably necessary to give notice that such danger exists. Information concerning a releasee may be released to a law enforcement agency as required for the protection of the public or the enforcement of the conditions of the release.**

03/10/04  15:49 FAX 202 626 0791

## NOTICE TO ALLEGED PAROLE, SPECIAL PAROLE,
## OR MANDATORY RELEASE VIOLATOR
## ELIGIBILITY FOR EXPEDITED REVOCATION PROCEDURE

**Name:** JACKSON, Mervin       **Reg. No:** 24068-016       **DCDC No.** 236-016

1.     This is to inform you that the Parole Commission has found probable cause to believe that you have violated the conditions of your Parole.

2.     The specific charges upon which these findings are based:

Charge No. 1 - Use of Dangerous and Habit Forming Drugs

Charge No. 2 - Violation of Special Condition (DAPS)

Charge No. 3 - Failure to Report to Community Supervision Officer as Directed

3.     Based on the finding of probable cause and information available to the Commission at this time, if your parole is revoked after a hearing, your reparole guidelines will be as follows:

Your parole violation behavior has been rated as Category One severity because it involved administrative violations of supervision.  Your salient factor score is 5 (see attached sheet).  You have been in federal confinement as a result of your behavior for a total of 1 month(s) as of  10/5/2003.  Guidelines established by the Commission indicate a range of 8-12 months to be served for cases with good institutional adjustment and program achievement.

Pursuant to its regulations, the Commission will render a decision within the applicable guideline range unless it finds good cause to render a decision above or below the applicable guideline range and provides specific reasons.

4.     Your violation behavior makes you eligible to apply for the following expedited procedure.  You may, if you wish, waive your right to a revocation hearing, accept responsibility for your conduct, and consent to revocation on the record.  If you do so, the Commission will take the following action in your case:

•  Revoke Parole; None of the time spent on Parole shall be credited.
•  Reparole after the service of 8 months (5/5/2004).
•  In addition, you shall be subject to the Special Drug Aftercare Condition which requires that you participate as instructed by your Supervision Officer in a program (inpatient or outpatient) approved by the D.C. Court Services and Offender Supervision Agency for the treatment of narcotic addiction or drug dependency. That program may include testing and examination to determine if you have reverted to the use of drugs.  You shall also abstain from the use of alcohol and/or all other intoxicants during and after the course of treatment.

After review of all relevant factors and information presented, a decision outside the guidelines at this consideration is not found warranted.

5.     For the Commission to approve your application for this expedited revocation procedure, the completed form must be received by the U.S. Parole Commission within **14 days of the date noted on the cover letter.**  If

**EXHIBIT**

03/10/04  15:50 FAX 202 626 0791          ⓪005

the completed form is not received within 14 days, the revocation hearing will be held and the proposed decision set forth will not be binding on the Commission.

6.     You are under no obligation to apply for the expedited revocation procedure set forth above.  If you do not wish to waive your right to a revocation hearing and accept the proposed decision set forth, please indicate below that you decline the proposal.  You will be given a revocation hearing under normal procedures.  After your revocation hearing, the Commission, on the basis of the information available, may take any action authorized by its regulations.  Thus, the action taken by the Commission may be the same, more favorable, or less favorable than the proposed action set forth above.  The fact that you chose to have a revocation hearing rather than accept the proposed decision set forth above will not be taken into account.

I hereby waive my right to a revocation hearing before the U.S. Parole Commission.  I accept responsibility for the conduct charged against me in the warrant application and I accept the proposed Parole Commission decision set forth on this form (with respect to revocation of parole, forfeiture of street time, and reparole.)  I understand that my reparole date is contingent upon my maintaining a record of good conduct in the institution up to the date of release and an acceptable release plan.  I also understand that my consent will not constitute an enforceable agreement with respect to any other action the Commission is authorized to take by law or regulation, or to limit in any respect the normal consequences of a revocation of parole.

Because I accept the proposed U.S. Parole Commission's decision set forth on this form, I understand that I am waiving my right to appeal this decision.

_____        3-10-04
Signature                                                    Date

_____        3/10/04
Witness                                                      Date

_____

I decline the U.S. Parole Commission's revocation proposal.  I wish to have an in-person revocation hearing.


_____        _____
Signature                                                    Date


_____        _____
Witness                                                      Date


I wish to request a 14-day extension to consider this proposal.


_____



U.S. Department of Justice
United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland 20815-7201

**Notice of Action**

| | |
|---|---|
| Name: JACKSON, Mervin | Institution: D.C. CCM/C.T.F. |
| Register Number: 24068-016 | |
| DCDC No: 236-016 | Date:    March 11, 2004 |

In the case of the above-named, the following parole action was ordered:

### D.C. EXPEDITED REVOCATION

Revoke parole. None of the time spent on parole shall be credited. Re-parole effective May 5, 2004 after the service of 8 months.

In addition, you shall be subject to the Special Drug Aftercare Condition which requires that you participate as instructed by your Supervision Officer in a program (inpatient or outpatient) approved by the D.C. Court Services and Offender Supervision Agency for the treatment of narcotic addiction or drug dependency. That program may include testing and examination to determine if you have reverted to the use of drugs. You shall also abstain from the use of alcohol and all other intoxicants during and after the course of treatment.

**FINDINGS OF FACT:**

The Commission has found that you violated the following condition(s) of release:

Charge No. 1 - Use of Dangerous and Habit Forming Drugs.

Charge No. 2 - Violation of Special Condition (DAPS).

Charge No. 3 - Failure to Report to Community Supervision Officer as Directed.

Basis: Your admission.

**REASONS:**

Pursuant to the revocation proposal you signed on 03-10-2004, your parole violation behavior has been rated as Category One severity because it involved administrative violation(s). Your salient factor score is 5. See the attached sheet for an explanation of your individual Salient Factor Score items. The table at the bottom presents the points for Salient Factor Score Item C. As of 03-05-2004, you have been in confinement as a result of your violation behavior for a total of 6 month(s). Guidelines established by the Commission indicate a customary range of 8-12 months to be served before release. After review of all relevant factors and information, a departure from the guidelines at this consideration is not found warranted.

THE ABOVE DECISION IS NOT APPEALBLE

---

JACKSON 24068-016                          -1-                          Clerk:   MDD

**EXHIBIT**

Copies of this Notice are sent to your institution and to your supervising officer. In certain cases, copies may also be sent to the sentencing court. You are responsible for advising any others you wish to notify.

cc:     Sharon Barnes-Durbin, SCSA
        CSS Data Management Group
        D.C. Court Services & Offender Supervision Agency
        300 Indiana Avenue, N.W., Suite 2149
        Washington, D.C. 20001

        Rosalyn Overstreet-Gonzalez
        Public Defender Service
        District of Columbia
        Special Proceedings Division
        633 Indiana Avenue, N.W.
        Washington, D.C. 20004

        U.S. Marshals Service
        District of Columbia - District Court
        333 Constitution Avenue, N.W.
        Room 1400
        Washington, D.C. 20001



---

JACKSON 24068-016                                    -2-                          Clerk:   MDD
Queued: 03-11-2004 11:48:36 BOP-D.C. CCM | USM-District of Columbia - District Court, D.C. District Court | FPD-

## SALIENT FACTOR SCORE (SFS-98)

| Your Pts | Salient Factor Score (SFS-98) Item Explanations |
|---|---|
| 1 | **A** - Prior convictions/adjudications (adult or juvenile) None = 3; One = 2; Two or three = 1; Four or more = 0 |
| 0 | **B** - Prior commitments of more than thirty days (adult or juvenile) None = 2; One or two = 1; Three or more = 0 |
| 3 | **C** - Age at commencement of the current offense/prior commitments of more than thirty days (adult or juvenile) (see table below for an explanation) |
| 0 | **D** - Recent commitment free period (three years)<br>No prior commitment of more than thirty days (adult or juvenile), or released to the community from last such commitment at least three years prior to the commencement of the current offense = 1; Otherwise = 0 |
| 0 | **E** - Probation/parole/confinement/escape status violator this time<br>Neither on probation, parole, confinement, or escape status at the time of the current offense; nor committed as a probation, parole, confinement or escape status violator this time = 1; Otherwise = 0 |
| 1 | **F** - Older offenders<br>If the offender was 41 years or more at the commencement of the current offense (and the total score from Items A-E above is 9 or less) = 1; Otherwise = 0. |
| 5 | **Salient Factor Score (SFS-98)** (total points for A-F above) |



**U.S. Department of Justice**
**United States Parole Commission**

**CERTIFICATE OF PAROLE**
**District of Columbia Offender**

Having determined that (1) Jackson, Mervin, Register No. 24068-016, (DCDC No. 236-016) (the "inmate") is eligible for parole; (2) there is a reasonable probability that the inmate will live and remain at liberty without violating the law; and (3) the inmate's release is not incompatible with the welfare of society, the United States Parole Commission (the "Commission") ORDERS that the inmate be paroled on **June 4, 2004** and remain under parole supervision through **September 29, 2008**. The conditions listed in this certificate apply during the inmate's parole supervision.

Given under the hand and the seal of the Commission on May 24, 2004.

UNITED STATES PAROLE COMMISSION

*JoAnn L. Kelley*

By: JoAnn L. Kelley, Case Analyst

Docket/Case Number: F-7295/4093/4195.
Initial Risk Category: SFS = 5

**Acknowledgement of Release Conditions**

I have read, or had read to me, the conditions that are listed on this CERTIFICATE OF PAROLE. I have received a copy of this CERTIFICATE OF PAROLE. I fully understand the conditions that have been imposed upon me and know that if I violate any of those conditions I may be sent back to prison.

**Consent to the Disclosure of Drug/Alcohol Treatment Information**

By signing this CERTIFICATE OF PAROLE, I consent to unrestricted communication between any facility administering a drug or alcohol treatment program in which I am or will be participating, on the one hand, and the Commission and the office responsible for supervising me, on the other hand. I consent to disclosure by such facility to the Commission and the office responsible for supervising me of any information requested related to my supervision, and the disclosure by the Commission and the office supervising me to any agency that requires such information for the performance of an official duty. This consent is irrevocable until the end of parole supervision.

X _Mervin Jacks_                              X _236-016_
            Name                                        DCDC No.

Witnessed: _____
               Name and Title                          Date

The above-named inmate was released on the _4th_ day of _June_ , 20_04_ with a total of _____ days remaining to be served.

FOR _Diane Smith_
            Official Certifying Release

**EXHIBIT**
J



This CERTIFICATE OF PAROLE becomes effective on the day of release set forth above, after you sign this certificate. If you fail to comply with any of the conditions, you may be summoned to a hearing, or retaken on a warrant and reimprisoned pending a hearing, to determine if your parole should be revoked.

## GENERAL CONDITIONS

1. **A.** You must go directly to Washington, D.C. and appear in person at the Intake Office of the Court Services and Offender Supervision Agency for the District of Columbia (CSOSA), 300 Indiana Avenue, N.W., Washington, D.C. 20001. If you are unable to appear in person at that office within three days of release, you must appear in person at the United States Probation Office nearest to you and follow the instructions of the duty officer.
   **B.** If you are not released to the community after your parole, you must follow the instructions in 1.A. above when you are released to the community.
2. You must not leave the Washington, D.C. metropolitan area without the written permission of the officer supervising you. The Washington, D.C. metropolitan area consists of the District of Columbia, Prince Georges and Montgomery Counties in Maryland, Arlington and Fairfax Counties in Virginia, and the Cities of Alexandria, Fairfax, and Falls Church in Virginia. For the purpose of applying all conditions of release, "the officer supervising you" includes any supervision officer assisting, substituting for, or acting on behalf of the officer assigned to your supervision.
3. You must, between the first and third day of each month, make a written report to the officer supervising you. In addition, you must meet with the officer supervising you at such times and in such a manner as that officer directs, and provide such information as that officer requests. All information that you provide to the officer supervising you must be complete and truthful.
4. You must notify the officer supervising you within five days of (A) an arrest or questioning by a law-enforcement officer, (B) a change in your residence, or (C) a change in your employment.
5. You must permit the officer supervising you to visit your place of residence and your place of business or employment.
6. You must permit the officer supervising you to confiscate any material that officer believes may be contraband and that is in plain view in your possession, including in your residence, place of business or employment, and vehicle.
7. You must submit to a drug or alcohol test whenever ordered to do so by the officer supervising you.
8. You must not violate any law and must not associate with someone else who is violating any law.
9. You must not possess a dangerous weapon, which includes ammunition.
10. You must not drink alcohol to excess and must not illegally use or possess a controlled substance. You must not frequent a place where you know a controlled substance is illegally used or distributed.
11. You must not associate with a person who has a criminal record without permission from the officer supervising you.
12. You must not enter into an agreement to act as an informant or undercover agent for a law-enforcement agency without permission from the Commission.
13. You must make a diligent effort to work regularly, unless excused by the officer supervising you, and to support any legal dependent.
14. You must make a diligent effort to satisfy any fine, restitution order, court costs or assessment, or child-support or alimony payment to which you are subject. You must provide financial information relevant to the payment of such a financial obligation that is requested by the officer supervising you. If you are unable to pay such a financial obligation in one sum, you must cooperate with the officer supervising you to establish an installment-payment schedule.
15. If you are paroled from a sentence imposed following conviction of a domestic-violence crime, and that conviction is your first conviction for such a crime, you must, as directed by the officer supervising you, attend an approved offender-rehabilitation program if such a program is readily available within a 50-mile radius of your residence.
16. If you are required by law to report and register as a sex-offender, you must comply with that law.
17. You must provide a DNA sample if the officer supervising you determines that collection of such sample is required by law.
18. You must participate in an Employment Readiness Program if so directed by the officer supervising you.
19. If you are being supervised by CSOSA, you must submit to the sanctions imposed by the officer supervising you within the limits established by an approved schedule of graduated sanctions.
20. If so directed by the officer supervising you, you must notify a person of your criminal history or characteristics to inform that person of a risk of harm.

Queued: 05-24-2004 14:46:44 BOP-D.C.-Central Detention Facility | BOP-D.C. CCM |



### SPECIAL CONDITIONS

In addition, you shall be subject to the Special Drug Aftercare Condition which requires that you participate as instructed by your Supervision Officer in a program (inpatient or outpatient) approved by the D.C. Court Services and Offender Supervision Agency for the treatment of narcotic addiction or drug dependency. That program may include testing and examination to determine if you have reverted to the use of drugs. You shall also abstain from the use of alcohol and all other intoxicants during and after the course of treatment.



# D.C. PROBABLE CAUSE HEARING DIGEST

Name..............................: **Jackson, Mervin**

Reg. No. .........................: **24068-016**

Type of Release ............:**Parole**

Full Term Date When Warrant Issued..: **9-29-2008**

Date Warrant Executed.: _3.22.06_

Hearing Date ........: _3.31 06 cont._

Examiner................: _SKVORC_

Supervision Officer: **Christina Asher**

## Attorney at Probable Cause Hearing:

[ ✓ ] PDS        [  ] Other    [  ] None

Name_____ _LEAMAN_ _____

Address_____

    _____

Phone_____

## Attorney Representing Subject at Revocation Hearing:

[ ✓ ] PDS      [  ] Other    [  ] Unknown

Name_____ _LEAMAN_  _RODRIGUES_ _____

Address_____

    _____

Phone_____

## I. Items Advised {Check that the subject has been advised of the following two rights}:

[ ✓ ] Advised of Right to a Probable Cause Hearing  [ ✓ ] Advised of Right to Attorney

## II. Reason For Not Conducting Probable Cause Hearing

{If Probable Cause Hearing not conducted, indicate the reason}:

[  ] Postponed to Next Docket {If so, provide reason for postponement and omit rest of form.}

    [  ] At Request of Attorney/Prisoner      [  ] Prisoner Unavailable

    [  ] Other Reason:_____

[  ] Combined Probable Cause/Revocation Scheduled {If so, skip to VI, Revocation Hearing.}

**EXHIBIT**

K

**Jackson, Mervin**
**Reg. No. 24068-016   DCDC No. 236-016**



## III. Review of Charges:

**Charge No. 1 - Use of Dangerous and Habit Forming Drugs**

[ ✓ ] **ADMITS**         [   ] **DENIES**

The Subject's Response:

_____

_____

_____

[ ✓ ] **Probable Cause Found.** After considering the violation report dated 1-13-2006, and the subject's response to the charge at this hearing, the evidence supporting the charge is sufficiently specific and credible for the existence of probable cause for Charge No. 1. Additional reasons for probable cause finding:

_____

_____

_____

[   ] **No Probable Cause Found**

**Charge No. 2 - Failure to Submit to Drug Testing**

[ ✓ ] **ADMITS**         [   ] **DENIES**

The Subject's Response:

_____

_____

_____

[   ] **Probable Cause Found.** After considering the violation report dated 1-13-2006, and the subject's response to the charge at this hearing, the evidence supporting the charge is sufficiently specific and credible for the existence of probable cause for Charge No. 2. Additional reasons for probable cause finding:

_____

[   ] **No Probable Cause Found**

**Charge No. 3 - Failure to Report to Supervising Officer as Directed**

[ ✓ ] **ADMITS**          [   ] **DENIES**

The Subject's Response:

[   ] **Probable Cause Found.** After considering the violation report dated 1-13-2006, and the subject's response to the charge at this hearing, the evidence supporting the charge is sufficiently specific and credible for the existence of probable cause for Charge No. 3. Additional reasons for probable cause finding:

[ ✓ ] **No Probable Cause Found**

## IV. Additional Charges:

**Jackson,  Mervin**
**Reg. No. 24068-016    DCDC No. 236-016**

## V. Outcome of Probable Cause Hearing:

[ ✓ ] **Probable Cause Found** on one or more charges, **Hold in Custody** pending revocation hearing.

[ ] **No Probable Cause Found** for any charge. **Discharge from Custody** immediately and

    [ ] **Reinstate** to Supervision or [ ] **Close Case** *[If expiration date has passed]*

[ ] **Probable Cause Found** on one or more charges. Recommend **Reinstate to Supervision** and

    [ ] **Summon** to revocation hearing or [ ] **Terminate** revocation proceedings

Reason for Release/Summons:_____

_____

## VI. Principal Adverse Witnesses Identified by the Commission:

Note to Subject: This is the time to request the attendance of an adverse witness (including an adverse witness identified by the Commission or an examiner on this form). Your failure to make a request for the attendance of any adverse witness is a waiver of your opportunity to confront and cross-examine that witness at a revocation hearing.

Supervision Officer Christina Asher

## VII. Adverse Witnesses Requested by Subject:

Name:_____

Address:_____

Phone No._____

Status: [ ] Denied at PC Hearing     [ ] Approved at PC Hearing     [ ] Pending Further Review

Reason for Denial:_____

_____

_____

Name:_____

Address:_____

Phone No._____

Status: [   ] Denied at PC Hearing    [   ] Approved at PC Hearing    [   ] Pending Further Review

Reason for Denial:_____

_____

_____

Name:_____

Address:_____

Phone No._____

Status: [   ] Denied at PC Hearing    [   ] Approved at PC Hearing    [   ] Pending Further Review

Reason for Denial:_____

_____

**VIII.  Adverse Witnesses Identified by Examiner But Not Requested by Subject:**

Name:_____

Address:_____

Phone No._____

Reason for Denial:_____

_____

_____

Name:_____

Address:_____

Phone No._____

Reason for Denial:_____

_____

_____

**Jackson,  Mervin**
**Reg. No. 24068-016    DCDC No. 236-016**

**IX.    Revocation Hearing.**

[  ] Local Revocation **or**        [  ] Combined Probable Cause/Local Revocation on:

**Location:** [  ] CTF  [  ] DC Jail  **Date:**_____ **Time:** [  ] am  [  ] pm

[  ] Other at _____

_____

[ ✓ ] Recommend institutional revocation hearing upon transfer to a federal institution.

**Note:  A continuance must be requested in writing.  You may submit your requests via e-mail.  E-Mail Address:  continue.hearing@usdoj.gov**

**May Qualify for an Expedited Offer:**    [  ] No    [ ✓ ] Yes  (If yes, please have releasee sign below)

If the Commission approves a proposal of expedited revocation, I waive the 20-day waiting period for the submission of comments.    [  ] No    [  ] Yes

_____                    3/31/06
            *Attorney/Prisoner*                                          *Date*

_____
*Additional Text*

_____                    3/31/06.
                *Examiner*                                              *Date*

**Disclosure Documents:**   Warrant dated 2-6-2006, Warrant Application dated 2-6-2006, Violation Report dated 1-13-2006 with attachments, Parole Certificate dated 5-24-2004, Pre-Sentence Report

**I acknowledge having received the above disclosure documents and a copy of this document.**

_____                    3/31/06
            *Attorney/Prisoner*                                          *Date*

_____

**Jackson,  Mervin**
**Reg. No. 24068-016    DCDC No. 236-016**

**U.S. DEPARTMENT OF JUST●●**
United States Parole Commission
Chevy Chase, MD 20815

●●bable Cause and Revocation
Hearing Form for D.C. Code Parolees or Releasees
Arrested in the District of Columbia

## PART ONE

*Instructions:* This part is to be completed at the initial visit of the hearing examiner following the arrest of an alleged parole, mandatory release, or supervised release violator within the District of Columbia on a warrant issued by the United States Parole Commission. The following explanation of the Commission's procedure and the alleged violator's legal rights must be read and acknowledged by the parolee or releasee, and a copy provided to him.

## Notice of Procedural Rights – Probable Cause Hearing

As an alleged parole, mandatory release, or supervised release violator who has not been convicted of a criminal offense committed while under supervision, you shall be given a probable cause hearing within five days of your arrest on a violator warrant. The purpose of the hearing is to determine whether probable cause exists for the charged violations. At this hearing, each charge on the warrant application will be read to you, and you will be apprised of the information supporting those charges. You will be asked to admit or deny each charge and you may explain or clarify your admission or denial to the hearing examiner.

You may be represented at your probable cause hearing by an attorney. If you cannot pay for the services of an attorney and desire legal assistance, you may request the D.C. Public Defender Service to assign an attorney to represent you at your probable cause hearing. The hearing examiner will furnish you with a request form, and will send it to the Public Defender Service. If you waive representation by an attorney at your probable cause hearing, you may, at the conclusion of the hearing or no later than 15 days prior to a revocation hearing, complete the form to request assignment of an attorney by the Public Defender Service.

You may present the testimony of voluntary witnesses and documentary evidence in defense of the charges against you. If you deny violating the conditions of release and have not been convicted of a crime while on release, you may request the presence of adverse witnesses, *i.e.*, those persons who have given evidence that you violated your conditions of release, and question those witnesses at the hearing, unless good cause is found to deny the appearance of such witnesses.

At the conclusion of the hearing, the examiner will determine whether probable cause exists for the charge(s). If no probable cause is found for all charges, the examiner will order your release from custody on the violator warrant. If probable cause is found for any charge, you will remain in custody and the examiner will set the date for a local revocation hearing if you qualify for such a hearing (as opposed to a revocation hearing at a federal institution). Notwithstanding a finding of probable cause, the hearing examiner may recommend your release pending a revocation hearing or recommend your release because revocation proceedings should be terminated. In such cases, a Parole Commissioner will make the decision on your continued incarceration.

*OPPORTUNITY TO REQUEST POSTPONEMENT OF PROBABLE CAUSE HEARING.*
The probable cause hearing will be held at this time unless you request postponement of the hearing in order to request representation by an attorney and/or the appearance of a witness. If you desire the presence of a voluntary witness at the probable cause hearing (or a

subsequent revocation hearing), you are responsible for the attendance of the witness at the appropriate time and place. When a hearing is postponed to obtain witnesses, the Commission usually orders a combined probable cause and local revocation hearing.

I have read (*or had read to me*) the above explanation of the Commission's probable cause procedure, and I fully understand my legal rights under that procedure. (*Initial one of the choices below:*)

(A) ( X ) I WISH TO PROCEED WITH MY PROBABLE CAUSE HEARING AT THIS TIME.

(B) (   ) I REQUEST A POSTPONEMENT OF MY PROBABLE CAUSE HEARING IN ORDER TO OBTAIN AN ATTORNEY AND/OR WITNESS(ES).

x *Mr. Jack*                                          x 3-31-06

**(Signature of Parolee or Releasee)**                    **(Date)**

# PART TWO

*Instructions:* This part is to be completed at the conclusion of the probable cause hearing. The explanation below must be read and acknowledged by the alleged violator, and a copy provided to him.

## Notice of Procedural Rights – Revocation Hearing

*OPPORTUNITY TO REQUEST A LOCAL OR INSTITUTIONAL REVOCATION HEARING.* The Commission will order an institutional revocation hearing unless you request, by completing this form, a local revocation hearing. An institutional revocation hearing may be held in the District of Columbia or in any federal prison to which you are transferred following the finding of probable cause. The Commission will grant a request for a local revocation hearing if both of the following conditions are met: (a) you were not convicted of an offense while under supervision, and (b) you deny all of the charges against you. In other cases, the Commission will only order a local revocation hearing if it finds good cause to do so.

In support of any request for a local revocation hearing, you should indicate any witnesses you plan to present at the revocation hearing and any adverse witnesses you wish to appear. Such adverse witnesses will be presented unless good cause is found to deny your request for their appearance. In addition, you may, prior to a local revocation hearing, request that the Commission require the attendance under subpoena of favorable witnesses who have refused to appear voluntarily. Such request will be granted provided you are able to show that the appearance of such favorable witnesses is necessary to the proper disposition of your case, and that their testimony cannot be obtained by other means. If the Commission orders an institutional revocation hearing, this will not alter your right to be represented by an attorney, or to present voluntary witnesses or documentary evidence. However, the Commission will not request the presence of adverse or other witnesses at an institutional revocation hearing.

If the Commission orders a local revocation hearing, such hearing will be held within sixty days of the probable cause finding. If the Commission orders an institutional revocation hearing, such hearing will be held within ninety days of the date you were retaken on the Commission's warrant. If you request postponements of revocation proceedings or take actions which delay such proceedings, these time limits may be extended.

*Initial one of the alternatives below:*

(  ✓  ) I REQUEST AN INSTITUTIONAL REVOCATION HEARING IF I AM NOT ORDERED RELEASED BY THE COMMISSION. I UNDERSTAND THAT I MAY BE TRANSFERRED TO A FEDERAL PRISON IF AN INSTITUTIONAL REVOCATION HEARING IS ORDERED.

(      ) I REQUEST A LOCAL REVOCATION HEARING IF I AM NOT ORDERED RELEASED BY THE COMMISSION. MY REASONS FOR REQUESTING A LOCAL HEARING ARE AS FOLLOWS:

X _____          _____
     **(Signature of Parolee or Releasee)**              **(Signature of Hearing Examiner)**

X   03 - 31 - 06                                    3/31/06
          **(Date)**                                                **(Date)**

ASSIGNMENT OF COUNSEL FOR A PAROLE REVOCATION HEARING
**Before The**
UNITED STATES PAROLE COMMISSION

Name: _Mervin Jackson_          Register No. _24068-016_ DCDC No. _016_ 236-

For Probable Cause Hearing                    For Revocation Hearing

*(Select all that apply)*

## STATEMENT OF PAROLEE OR MANDATORY RELEASEE
## CONCERNING REQUEST FOR COUNSEL

I, _Mervin Jackson_ , having been fully advised of the charges against me and of my rights as set forth in the copy of the (Warrant Application) (Summons to Appear), understand that I may request the D.C. Public Defender Service to assign counsel to assist or represent me in this matter before the United States Parole Commission, and that such representation by counsel may be furnished to me if the D.C. Public Defender Service determines that I am financially unable to obtain attorney representation, and that an attorney is available. After reviewing this notice concerning assignment of counsel,

_____
*(initials)*

I do not wish to apply to the D.C. Public Defender Service for assignment of counsel.

_MJ_
*(initials)*

I do hereby apply to the D.C. Public Defender Service for assignment of counsel (if available), and in connection with this application, I state as follows concerning my true financial condition:

|                                                  | employed | unemployed |
|--------------------------------------------------|----------|------------|
| I am                                             |          |            |
| If employed, state weekly income                 |          | $          |
| If self-employed, state average weekly income    | $        |            |
| Cash on hand and in bank                         |          | $          |
| Number of dependents                             |          |            |
| Property Owned                                   |          |            |

I certify the above to be correct.

X _Mervin Jackson_          _3-31-06_
*(Signature of Applicant and Date)*

Witness:

*(Signature, Title and Date)*

false or dishonest answer to a question in this application may be punishable by fine or imprisonment or both (18 U.S.C. 001).

_____

eturn From D.C. Public Defender Service

ie above-named applicant will be represented by

*(Name and Phone Number)*

ase fax this form to the U.S. Parole Commission, Attn: Case Services, (301) 492-5525

Option A

# ADVANCED CONSENT TO EXPEDITED REVOCATION DECISION

## Bottom of Guidelines

I, _Mervin Jackson_____, Register No. _24068-016_,

agree to an **EXPEDITED REVOCATION DECISION** as described below. I understand that the Commission is not obligated to render an Expedited Decision in my case. I also understand my consent does not constitute an enforceable agreement with respect to any action the Commission is authorized to take by law or regulation. By executing this form, I am advising the Commission, in advance of any possible offer, that I will accept the Expedited Decision described below. I understand if the Commission does not approve the examiner's recommendation for an Expedited Decision, I will be granted an in-person revocation hearing. I understand, therefore, by consenting to accept an Expedited Decision, I have not waived my right to a local revocation hearing (provided I qualify for such a hearing under Commission Rules and Procedures).

My Revocation Offense Severity has been tentatively determined as a Category One or Two. I also understand if I have committed disciplinary infractions or new criminal conduct, during any period of confinement that is credited toward my guidelines, the Commission may include rescission guidelines specified in 28 C.F.R. §2.36 in the Expedited Decision guideline range.

I understand, because it is not possible to compute my Salient Factor Score at the Probable Cause Hearing, the Commission will determine my guidelines at a later time.

I understand I cannot appeal the Expedited Decision provided in the Notice of Action issued as a result of my consent. If, however, I believe that the Commission has erred in determining the (1) Salient Factor Score, (2) Total Guideline Range, (3) credit toward the guideline range or (4) added release conditions, after I signed this advanced consent to an Expedited Decision, I may request that the Commission amend its decision.

**EXHIBIT**

_____
Advanced Consent to Expedited Revocation Decision (Bottom of Guidelines)

Rev. 10/19/05    Page 1 of 2



**Option A**

Notwithstanding the undetermined guidelines, I agree to accept the Expedited Decision to revoke my parole/mandatory release/supervised release and forfeit all time spent on parole or mandatory release. I also agree to a parole date/term of imprisonment that will require me to serve no greater than the bottom of my guideline range.  If, however, the bottom of my guideline range is 0 months, I agree to a parole date/term of imprisonment that will require me to serve at least 2 but not more than 5 months.

I also agree to accept the following special conditions:

SDAC

Alleged Violator: _Mervin Jackson_    _24068-016_
                    Print Name              Register No.

_Mervin Jackson_    _3-31-06_
    Signature           Date

Attorney: _____    _3/31/06_
              Signature        Date

USPC Examiner: _____    _3/31/06_
                    Signature          Date

U.S. Department of Justice                          **Notice of Action**
United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland 20815-7201

| | |
|---|---|
| Name: JACKSON, Mervin | Institution: D.C. Correctional Treatment Facility |
| Register Number: 24068-016 | |
| DCDC No: 236-016 | Date:    April 25, 2006 |

### ADVANCED CONSENT TO EXPEDITED REVOCATION

The Commission has ordered the following action pursuant to your acceptance of the Advanced Consent to the Expedited Revocation you signed on March 31, 2006:

Revoke parole. None of the time spent on supervision shall be credited. Parole effective on November 21, 2006, after the service of 8 months.

NOTE:  Pursuant to 28 C.F.R. §2.82, your parole effective date is contingent upon approval of your release plan by the Commission. Your release plan will be investigated by the D.C. Court Services and Offender Supervision Agency (CSOSA) which will submit a report to the Commission before a parole certificate can be delivered.

In addition, you shall be subject to the Special Drug Aftercare Condition that requires that you participate as instructed by your Supervision Officer in a program (inpatient or outpatient) approved by the D.C. Court Services and Offender Supervision Agency for the treatment of narcotic addiction or drug dependency. That program may include testing and examination to determine if you have reverted to the use of drugs. You shall also abstain from the use of alcohol and all other intoxicants during and after the course of treatment.

### FINDINGS OF FACT:

The Commission has found that you violated the following condition(s) of release:

Charge No. 1 - Use of Dangerous and Habit Forming Drugs

Charge No. 2 - Failure to Submit to Drug Testing

Charge No. 3 - Failure to Report to Supervising Officer as Directed

Basis for the above-stated finding(s):  Your acceptance of responsibility for the violations and your agreement to accept revocation.

EXHIBIT

**REASONS**:

Your parole violation has been rated as Category One severity because it involved administrative violations. Your salient factor score is 5. See the attached sheet for an explanation of your individual Salient Factor Score items. The table at the bottom presents the points for Salient Factor Score Item C. As of April 21, 2006, you have been in confinement as a result of your violation behavior for a total of 1 month(s). Guidelines established by the Commission indicate a customary range of 8-12 months to be served before release. After review of all relevant factors and information presented, a departure from the guidelines at this consideration is not found warranted.

THE ABOVE DECISION IS NOT APPEALABLE.

Copies of this Notice are sent to your institution and to your supervising officer. In certain cases, copies may also be sent to the sentencing court. You are responsible for advising any others you wish to notify.

cc:     Sharon Barnes-Durbin, SCSA
        CSS Data Management Group
        D.C. Court Services & Offender Supervision Agency
        300 Indiana Avenue, N.W., Suite 2149
        Washington, D.C. 20001

        D.C. Federal Billing Unit
        D.C. Department of Corrections
        Washington, D.C. 20003

        Christian Asher
        SAINT/HIDTA-Team 33
        CSOSA
        300 Indiana Avenue, N.W., Rm 2100
        Washington, D.C. 20001

        A. Rodriguez
        Public Defender Service
        District of Columbia
        Special Proceedings Division
        633 Indiana Avenue, N.W.
        Washington, D.C. 20004

        U.S. Marshals Service
        District of Columbia - District Court
        333 Constitution Ave, N.W., Room 1400
        Washington, D.C. 20001
        Warrants - Attn: Sean McLeod

### SALIENT FACTOR SCORE (SFS-98)

| **Your Pts** | **Salient Factor Score (SFS-98) Item Explanations** |
|---|---|
| **0** | A - Prior convictions/adjudications (adult or juvenile) None = 3; One = 2; Two or three = 1; Four or more = 0 |
| **1** | B - Prior commitments of more than thirty days (adult or juvenile) None = 2; One or two = 1; Three or more = 0 |
| **3** | C - Age at commencement of the current offense/prior commitments of more than thirty days (adult or juvenile) (see table below for an explanation) |
| **0** | D - Recent commitment free period (three years)<br>No prior commitment of more than thirty days (adult or juvenile), or released to the community from last such commitment at least three years prior to the commencement of the current offense = 1; Otherwise = 0 |
| **0** | E - Probation/parole/confinement/escape status violator this time<br>Neither on probation, parole, confinement, or escape status at the time of the current offense; nor committed as a probation, parole, confinement or escape status violator this time = 1; Otherwise = 0 |
| **1** | F - Older offenders<br>If the offender was 41 years or more at the commencement of the current offense (and the total score from Items A-E above is 9 or less) = 1; Otherwise = 0 |
| **5** | Salient Factor Score (SFS-98) (sum of points for A-F above) |



| Points For SFS Item C | | |
|---|---|---|
| Age | Prior Commitments | | |
| | 0-1 | 2 | 3+ |
| 26 & Up | 3 | 2 | 1 |
| 22-25 | 2 | 1 | 0 |
| 20-21 | 1 | 0 | 0 |
| 0-19 | 0 | 0 | 0 |

**U.S. Department of Justice**
**United States Parole Commission**

**CERTIFICATE OF PAROLE**
**District of Columbia Offender**

Having determined that (1) Jackson, Mervin, Register No. 24068-016, (DCDC No. 236-016) (the "inmate") is eligible for parole; (2) there is a reasonable probability that the inmate will live and remain at liberty without violating the law; and (3) the inmate's release is not incompatible with the welfare of society, the United States Parole Commission (the "Commission") ORDERS that the inmate be paroled on November 21. 2006 and remain under parole supervision through June 26, 2010. The conditions listed in this certificate apply during the inmate's parole supervision.

Given under the hand and the seal of the Commission this November 6, 2006.

UNITED STATES PAROLE COMMISSION

_Dawn Spear Hill_

Dawn Spear-Hill, Case Services Technician

Docket/Case Number: 1229-60-24003-02
Initial Risk Category: SFS 5,

**Supervision and Release Conditions**

I have read, or had read to me, the conditions stated on this CERTIFICATE OF PAROLE. I have received a copy of the CERTIFICATE OF PAROLE. I fully understand the conditions that have been imposed upon me and know that if I violate any of these conditions I may be sent back to prison.

**Consent to the Disclosure of Drug or Alcohol Treatment Information**

By signing this CERTIFICATE OF PAROLE, I consent to unrestricted communication between any facility administering a drug or alcohol treatment program in which I will be or will be participating, on the one hand, and the Commission and the office responsible for supervising me on the other hand. I consent to disclosure by such facility and the Commission and the office responsible for supervising me of any information requested related to my supervision, and this disclosure by the Commission and the office supervising me to any agency that collects such information for the performance of an official duty. This consent is irrevocable until the end of parole supervision.

| | |
|---|---|
| _Mervin Jackson_ | 236 - 016 |
| Name | DCDC No. |
| Witnessed: _R M Ashe - CSW_ | 11 - 7 - 2006 |
| Name and Title | Date |

The above-named inmate was released on the 21st day of November, 2006 with a total of 1313 days remaining to be served.

_K. H. Johnson, UM_

Official Certifying Release

Queued: 11-06-2006 17:20:17 BOP-Rivers CI |

**EXHIBIT**
_N_

11/17/2006 16:06 FAX   2523585511        RCI_UNIT_B                    ☑004/005

This CERTIFICATE OF PAROLE becomes effective on the day of release set forth above, after you sign this certificate. If you fail to comply with any of the conditions, you may be summoned to a hearing, or retaken on a warrant and reimprisoned pending a hearing, to determine if your parole should be revoked.

## GENERAL CONDITIONS

1. A. You must go directly to Washington, D.C. and appear in person at the Intake Office of the Court Services and Offender Supervision Agency for the District of Columbia (CSOSA), 300 Indiana Avenue, N.W., Washington, D.C. 20001. If you are unable to appear in person at that office within three days of release, you must appear in person at the United States Probation Office nearest to you and follow the instructions of the duty officer.

   B. If you are not released to the community after your parole, you must follow the instructions in 1.A. above when you are released to the community.

2. You must not leave the Washington, D.C. metropolitan area without the written permission of the officer supervising you. The Washington, D.C. metropolitan area consists of the District of Columbia, Prince Georges and Montgomery Counties in Maryland, Arlington and Fairfax Counties in Virginia, and the Cities of Alexandria, Fairfax, and Falls Church in Virginia. "For the purpose of applying all conditions of release, "the officer supervising you" includes any supervision officer assigning, substituting for, or acting on behalf of the officer assigned to your supervision."

3. You must, between the first and fifth day of each month, make a written report to the officer supervising you. In addition, you must meet with the officer supervising you at such time and in such a manner as that officer directs, and provide such information as that officer requests. All information that you provide to the officer supervising you must be complete and truthful.

4. You must notify the officer supervising you within 48 hours of (A) any arrest or questioning by a law-enforcement officer, (B) a change in your residence, or (C) a change in your employment.

5. You must permit the officer supervising you to visit you at your place of residence and your place of business or employment.

6. You must permit the officer supervising you to confiscate any material that the officer believes may be contraband and that is in plain view in your place of residence, place of business or employment, and vehicle.

7. You must submit to a drug or alcohol test whenever directed by the officer supervising you.

8. You must not violate any law, and must not associate with persons who are violating any law.

9. You must not possess a dangerous weapon or ammunition.

10. You must not drink alcoholic beverages to excess, and must not purchase, use or possess a controlled substance. You must not frequent a place where you know a controlled substance is illegally used or distributed.

11. You must not associate with any person who has a criminal record without the permission of the officer supervising you.

12. You must not enter into an agreement to act as an informant or undercover agent for a law-enforcement agency without permission from the Commission.

13. You must make a diligent effort to work regularly, unless excused by the officer supervising you, and to support any legal dependent.

14. You must make a diligent effort to satisfy any fine, restitution order, court cost or assessment, or child-support or alimony payment to which you are subject. You must provide financial information relevant to the payment of such a financial obligation that is requested by the officer supervising you. If you are unable to pay such a financial obligation in one sum, you must cooperate with the officer supervising you to establish an installment-payment schedule.

15. If you are being paroled from a sentence imposed following conviction of a domestic-violence crime, and that conviction is your first conviction for such a crime, you must, as directed by the officer supervising you, attend an approved offender-rehabilitation program if such a program is readily available within a 50-mile radius of your residence.

16. If you are required by law to report and register as a sex-offender, you must comply with that law.

17. You must provide a DNA sample if the officer supervising you determines that collection of such sample is required by law.

18. You must participate in an Employment Readiness Program if so directed by the officer supervising you.

19. If you are being supervised by CSOSA, you must submit to the sanctions imposed by the officer supervising you within the limits established by an approved schedule of graduated sanctions.

20. If so directed by the officer supervising you, you must notify a person of your criminal history or characteristics to inform that person of a risk of harm.

Queued: 11-06-2006 17:20:17 BOP-Rivers CI |

11/17/2006 16:06 FAX  2523585511          RCI_UNIT_B                              005/005

### SPECIAL CONDITIONS

In addition, you shall reside in and participate in a program of a Community Corrections Center as instructed by your Supervision Officer until discharged by the Center Director, but no later than 120 days from admission.

In addition, you shall be subject to the Special Drug Aftercare Condition that requires that you participate as instructed by your Supervision Officer in a program (inpatient or outpatient) approved by the D.C. Court Services and Offender Supervision Agency for the treatment of narcotic addiction or drug dependency. That program may include testing and examination to determine if you have reverted to the use of drugs. You shall also abstain from the use of alcohol and all other intoxicants during and after the course of treatment.



Queued: 11-06-2006 17:20:17 BOP-Rivers CI |

# WARRANT
## D.C. Code Offender

**U.S. Department of Justice**
**United States Parole Commission**

**To the U.S. Marshal or Any Federal or District of Columbia Officer Authorized to Serve Criminal Process Within the United States:**

WHEREAS, Jackson, Mervin, Reg. No. 24068-016, DCDC No. 236-016, was sentenced by the Superior Court of the District of Columbia or the United States District Court to serve a sentence of 9 years; 180 days (Original Term); 1570 days (Violator Term) for the crime of Attempted Distribution of Cocaine; Attempted Possession of Cocaine and Possession of Cocaine and was on November 21, 2006 released on parole from Rivers CI with 1313 days remaining to be served;

AND, WHEREAS, reliable information has been presented to the undersigned Member of this Commission that said released prisoner named in this warrant has violated one or more conditions of his release;

NOW, THEREFORE, this is to command you by the authority of §§24-205, 24-131, and 24-133 of the District of Columbia Code, to execute this warrant by taking the above-named, wherever found in the United States, and hold him in your custody either until he is released by order of the Parole Commission, or until you are authorized to transport him for further custody.

WITNESS my hand and the seal on February 26, 2007

U.S. Parole Commissioner

EXHIBIT

**Jackson, Mervin**
**Reg. No. 24068-016    DCDC No. 236-016**

 

**U.S. DEPARTMENT OF JUSTICE**
**UNITED STATES PAROLE COMMISSION**

**WARRANT APPLICATION**
**D.C. Code Offender**

Name............................. **Jackson, Mervin**

Reg. No ......................... **24068-016**
DCDC No. ..................... **236-016**
FBI No ......................... **567443HA0**
Birth Date ..................... ▮▮▮▮▮▮▮▮▮▮▮
Race .............................. **Black**

Date........................................**February 26, 2007**
Termination of Supervision .....**June 26, 2010**
[If Conviction Offense Before April 11, 1987 And
Offender Is On Mandatory Release, Termination
Date Is 180 Days Prior To Full Term]
Violation Date .........................**December 18, 2006**
Released .................................**November 21, 2006**

Sentence Length............**9 years; 180 days (Original Term); 1570 days (Violator Term)**
Original Offense ............ **Attempted Distribution of Cocaine; Attempted Possession of Cocaine and Possession of Cocaine**

If you have been arrested on a violator warrant in the District of Columbia and you have not been convicted of a new offense, you shall be given a probable cause hearing within five days of your arrest and violator warrant. Probable cause hearings are normally scheduled on Tuesdays and Fridays at the Central Detention Facility. The purpose of the probable cause hearing is to determine if there is probable cause to believe that you have violated the conditions of your release, and if so, whether to release you or hold you for a revocation hearing. If no probable cause is found, you will be released and either reinstated to supervision, or discharged from further supervision if your sentence has expired.

At your probable cause hearing and any subsequent revocation hearing you will be apprised of the information supporting the violation charges. You may present documentary evidence and voluntary witnesses on your behalf. If you deny the charge(s) against you, you may request the presence of those persons who have given information upon which the charges are based. Such adverse witnesses will be made available for questioning unless good cause is found for their non-appearance.

You may be represented by an attorney or, if you are unable to pay for such representation, an attorney will be appointed for you if you fill out and promptly return a request for representation to the hearing examiner.

If, after a revocation hearing, you are found to have violated the conditions of your release the Commission may: (1) restore you to supervision, and, if appropriate, (a) reprimand you; (b) modify your conditions of supervision; or (c) refer you to a residential community treatment center for the remainder of your sentence; or (2) revoke your parole, mandatory release, or supervised release in which case the Commission will also decide when to consider you for further release.

If the Commission revokes your parole, mandatory release, or supervised release you will not receive credit toward service of your sentence for time spent on parole/mandatory release/supervised release.

**CHARGES:**

**Charge No. 1 - Use of Dangerous and Habit Forming Drugs.** The releasee submitted urine specimens which tested positive for cocaine on 12-18-06. This charge is based on the information contained in the violation report dated 1-15-07 from supervising Officer Niani Dixon and corresponding drug report dated 1-14-07
**I ADMIT [   ] or DENY [   ] this charge.**



**Charge No. 2 - Failure to Report to Supervising Officer as Directed.** The releasee failed to report to the supervising officer on 12-20-06 as directed. The releasee has failed to make himself available for supervision since 12-6-06. This charge is based on the information contained in the violation report dated 1-14-07 from supervising Officer Niani Dixon.
**I ADMIT [   ] or DENY [   ] this charge.**

**Charge No. 3 - Failure to Submit to Drug Testing.** The releasee failed to submit urine specimens on 12-20 and 12-27-06. This charge is based on the information contained in the violation report dated 1-14-07 from supervising Officer Niani Dixon.
**I ADMIT [   ] or DENY [   ] this charge.**

**Probable Cause Hearing Is Required**

**Warrant Recommended By:**

*Rhonda A Shelton*

Warrant Issued.................. **February 26, 2007**

**Rhonda A. Shelton, Case Analyst
U.S. Parole Commission**

Community Supervision Office Requesting Warrant: **SAINT/HIDTA-Team 33, 300 Indiana Avenue**

## D.C. PROBABLE CAUSE HEARING DIGEST

Name...........................: **Jackson, Mervin**

Reg. No. .........................: **24068-016**

Type of Release ............:**Parole**

Full Term Date When Warrant Issued..: **June 26, 2010**

Date Warrant Executed.: 3·9·07

Hearing Date........: 3·12·07

Examiner...............: P Howard

Supervision Officer: **Niani Dixon**

---

### Attorney at Probable Cause Hearing:

[ ] PDS       [ ] Other       [ ] None

Name    S. GRAY

Address

Phone

### Attorney Representing Subject at Revocation Hearing:

[ ] PDS       [ ] Other       [ ] Unknown

Name    S. GRAY

Address

Phone

---

### I. Items Advised *{Check that the subject has been advised of the following two rights}:*

[ ] Advised of Right to a Probable Cause Hearing   [ ] Advised of Right to Attorney

---

### II. Reason For Not Conducting Probable Cause Hearing

*{If Probable Cause Hearing not conducted, indicate the reason}:*

[    ] Postponed to Next Docket *{If so, provide reason for postponement and omit rest of form.}*

     [ ] At Request of Attorney/Prisoner        [ ] Prisoner Unavailable

     [ ] Other Reason:_____

[    ] Combined Probable Cause/Revocation Scheduled *{If so, skip to VI, Revocation Hearing.}*

---

EXHIBIT

**Jackson, Mervin**
**Reg. No. 24068-016    DCDC No. 236-016**



## III. Review of Charges:

**Charge No. 1 - Use of Dangerous and Habit Forming Drugs**

[✗] **ADMITS**        [   ] **DENIES**

The Subject's Response:                    NONE

[ ✗] **Probable Cause Found.**  After considering the violation report dated 1-15-07, and the subject's response to the charge at this hearing, the evidence supporting the charge is sufficiently specific and credible for the existence of probable cause for Charge No. 1. Additional reasons for probable cause finding:

[   ] **No Probable Cause Found**

**Charge No. 2 - Failure to Report to Supervising Officer as Directed**

[✗] **ADMITS**        [   ] **DENIES**

The Subject's Response:                    NONE

[ ✗] **Probable Cause Found.**  After considering the violation report dated 1-14-07, and the subject's response to the charge at this hearing, the evidence supporting the charge is sufficiently specific and credible for the existence of probable cause for Charge No. 2. Additional reasons for probable cause finding:

<div align="center">

**Jackson,  Mervin**
**Reg. No. 24068-016    DCDC No. 236-016**

</div>

[   ] **No Probable Cause Found**

**Charge No. 3 - Failure to Submit to Drug Testing**

[✓] **ADMITS**        [   ] **DENIES**

The Subject's Response:

NONE

[   ] **Probable Cause Found.**  After considering the violation report dated 1-14-07, and the subject's response to the charge at this hearing, the evidence supporting the charge is sufficiently specific and credible for the existence of probable cause for Charge No. 3. Additional reasons for probable cause finding:

[   ] **No Probable Cause Found**

## IV. Additional Charges:



## V. Outcome of Probable Cause Hearing:

[ ✓ ] **Probable Cause Found** on one or more charges, **Hold in Custody** pending revocation hearing.

[ ] **No Probable Cause Found** for any charge.  **Discharge from Custody** immediately and

     [ ] **Reinstate** to Supervision  or  [ ] **Close Case** *[If expiration date has passed]*

[ ] **Probable Cause Found** on one or more charges.  Recommend **Reinstate to Supervision** and

     [ ] **Summon** to revocation hearing or  [ ] **Terminate** revocation proceedings

Reason for Release/Summons:_____

_____

## VI. Principal Adverse Witnesses Identified by the Commission:

Note to Subject:  This is the time to request the attendance of an adverse witness (including an adverse witness identified by the Commission or an examiner on this form).  Your failure to make a request for the attendance of any adverse witness is a waiver of your opportunity to confront and cross-examine that witness at a revocation hearing.

Supervision Officer
Name: Niani Dixon
**Status:** _____**Approved**     _____**Not Approved**     _____**Pending Further Review**

## VII. Adverse Witnesses Requested by Subject:

Name:_____

Address:_____

Phone No._____

Status: [ ] Denied at PC Hearing    [ ] Approved at PC Hearing    [ ] Pending Further Review

Reason for Denial:_____

_____

_____

Name:_____

**IX.    Revocation Hearing:**

[   ] Local Revocation **or**          [   ] Combined Probable Cause/Local Revocation on:

**Location:** [   ] CTF   [   ] DC Jail   **Date:**_____   **Time:** [   ] am   [   ] pm

[   ] Other at _____

_____

[✓] Recommend institutional revocation hearing upon transfer to a federal institution.

**Note:** A continuance must be requested in writing.  You may submit your requests via e-mail.  E-Mail Address:  continue.hearing@usdoj.gov

_____          3-13-07
                    *Attorney/Prisoner*                                      *Date*

_____
*Additional Text:*

_____          3/13/07
                    *Examiner*                                                *Date*

**Disclosure Documents:**  Warrant dated 2-26-06, Warrant Application dated 2-26-06, Violation Report dated 1-15-07 with attachments, Parole Certificate dated 11-6-06, Pre-Sentence Report

**I acknowledge having received the above disclosure documents and a copy of this document.**

_____          3-13-07
                    *Attorney/Prisoner*                                      *Date*

**Jackson,  Mervin**
**Reg. No. 24068-016    DCDC No. 236-016**

subsequent revocation hearing), you are responsible for the attendance of the witness at the appropriate time and place. When a hearing is postponed to obtain witnesses, the Commission usually orders a combined probable cause and local revocation hearing.

I have read (*or had read to me*) the above explanation of the Commission's probable cause procedure, and I fully understand my legal rights under that procedure. (*Initial one of the choices below:*)

(A) (X    )  I WISH TO PROCEED WITH MY PROBABLE CAUSE HEARING AT THIS TIME.

(B) (    )  I REQUEST A POSTPONEMENT OF MY PROBABLE CAUSE HEARING IN ORDER TO OBTAIN AN ATTORNEY AND/OR WITNESS(ES).

_____                    _____3-13-09_____

**(Signature of Parolee or Releasee)**                    **(Date)**

## PART TWO

*Instructions:* This part is to be completed at the conclusion of the probable cause hearing. The explanation below must be read and acknowledged by the alleged violator, and a copy provided to him.

### Notice of Procedural Rights – Revocation Hearing

*OPPORTUNITY TO REQUEST A LOCAL OR INSTITUTIONAL REVOCATION HEARING.* The Commission will order an institutional revocation hearing unless you request, by completing this form, a local revocation hearing. An institutional revocation hearing may be held in the District of Columbia or in any federal prison to which you are transferred following the finding of probable cause. The Commission will grant a request for a local revocation hearing if both of the following conditions are met: (a) you were not convicted of an offense while under supervision, and (b) you deny all of the charges against you. In other cases, the Commission will only order a local revocation hearing if it finds good cause to do so.

In support of any request for a local revocation hearing, you should indicate any witnesses you plan to present at the revocation hearing and any adverse witnesses you wish to appear. Such adverse witnesses will be presented unless good cause is found to deny your request for their appearance. In addition, you may, prior to a local revocation hearing, request that the Commission require the attendance under subpoena of favorable witnesses who have refused to appear voluntarily. Such request will be granted provided you are able to show that the appearance of such favorable witnesses is necessary to the proper disposition of your case, and that their testimony cannot be obtained by other means. If the Commission orders an institutional revocation hearing, this will not alter your right to be represented by an attorney, or to present voluntary witnesses or documentary evidence. However, the Commission will not request the presence of adverse or other witnesses at an institutional revocation hearing.

If the Commission orders a local revocation hearing, such hearing will be held within sixty days of the probable cause finding. If the Commission orders an institutional revocation hearing, such hearing will be held within ninety days of the date you were retaken on the Commission's warrant. If you request postponements of revocation proceedings or take actions which delay such proceedings, these time limits may be extended.

*Initial one of the alternatives below:*

( X ) I REQUEST AN INSTITUTIONAL REVOCATION HEARING IF I AM NOT ORDERED RELEASED BY THE COMMISSION. I UNDERSTAND THAT I MAY BE TRANSFERRED TO A FEDERAL PRISON IF AN INSTITUTIONAL REVOCATION HEARING IS ORDERED.

(    ) I REQUEST A LOCAL REVOCATION HEARING IF I AM NOT ORDERED RELEASED BY THE COMMISSION. MY REASONS FOR REQUESTING A LOCAL HEARING ARE AS FOLLOWS:

_____         _____
**(Signature of Parolee or Releasee)**          **(Signature of Hearing Examiner)**

_____         _____
**(Date)**                                       **(Date)**

Before The
UNITED STATES PAROLE COMMISSION

Name:_____    Register No. _____    DCDC No. _____

For Probable Cause Hearing                                        For Revocation Hearing

*(Select all that apply)*

### STATEMENT OF PAROLEE OR MANDATORY RELEASEE
### CONCERNING REQUEST FOR COUNSEL

I, *Mervin Jackson*, having been fully advised of the charges against me and of my rights as set forth in the copy of the (Warrant Application) (Summons to Appear), understand that I may request the D.C. Public Defender Service to assign counsel to assist or represent me in this matter before the United States Parole Commission, and that such representation by counsel may be furnished to me if the D.C. Public Defender Service determines that I am financially unable to obtain attorney representation, and that an attorney is available. After reviewing this notice concerning assignment of counsel,

_____
*(initials)*      I do not wish to apply to the D.C. Public Defender Service for assignment of counsel.

_____
*(initials)*      I do hereby apply to the D.C. Public Defender Service for assignment of counsel (if available), and in connection with this application, I state as follows concerning my true financial condition:

|  |  | employed | unemployed |
|---|---|---|---|
| I am |  |  | ✓ |
| If employed, state weekly income |  | $ |  |
| If self-employed, state average weekly income | $ | $ |  |
| Cash on hand and in bank |  | $ |  |
| Number of dependents |  |  |  |
| Property Owned |  |  |  |

I certify the above to be correct.

*Mervin Jackson*      3-13-07
(Signature of Applicant and Date)

Witness: _____
          *(Signature, Title and Date)*

A false or dishonest answer to a question in this application may be punishable by fine or imprisonment or both (18 U.S.C. 1001).

Return From D.C. Public Defender Service

The above-named applicant will be represented by *Philemane McCroy-Ray*
                                              *(Name and Phone Number)*
                                              2/628-1200

Please fax this form to the U.S. Parole Commission, Attn: Case Services, (301)492-5563

Option A

## ADVANCED CONSENT TO EXPEDITED REVOCATION DECISION

### Bottom of Guidelines

I, *Mervin Jackson*, Register No. *24068 - 016*, agree to an **EXPEDITED REVOCATION DECISION** as described below. I understand that the Commission is not obligated to render an Expedited Decision in my case. I also understand my consent does not constitute an enforceable agreement with respect to any action the Commission is authorized to take by law or regulation. By executing this form, I am advising the Commission, in advance of any possible offer, that I will accept the Expedited Decision described below. I understand if the Commission does not approve the examiner's recommendation for an Expedited Decision, I will be granted an in-person revocation hearing. I understand, therefore, by consenting to accept an Expedited Decision, I have not waived my right to a local revocation hearing (provided I qualify for such a hearing under Commission Rules and Procedures).

My Revocation Offense Severity has been tentatively determined as a Category One or Two. I also understand if I have committed disciplinary infractions or new criminal conduct, during any period of confinement that is credited toward my guidelines, the Commission may include rescission guidelines specified in 28 C.F.R. §2.36 in the Expedited Decision guideline range.

I understand, because it is not possible to compute my Salient Factor Score at the Probable Cause Hearing, the Commission will determine my guidelines at a later time.

I understand I cannot appeal the Expedited Decision provided in the Notice of Action issued as a result of my consent. If, however, I believe that the Commission has erred in determining the (1) Salient Factor Score, (2) Total Guideline Range, (3) credit toward the guideline range or (4) added release conditions, after I signed this advanced consent to an Expedited Decision, I may request that the Commission amend its decision.

EXHIBIT
Q

**Option A**

Notwithstanding the undetermined guidelines, I agree to accept the Expedited Decision to revoke my parole/mandatory release/supervised release and forfeit all time spent on parole or mandatory release. I also agree to a parole date/term of imprisonment that will require me to serve no greater than the bottom of my guideline range. If, however, the bottom of my guideline range is 0 months, I agree to a parole date/term of imprisonment that will require me to serve at least 2 but not more than 5 months.

I also agree to accept the following special conditions:

_Special Drug Aftercare_

Alleged Violator: _Mervin Jackson_     _24068-016_
                       Print Name                    Register No.

_X Mlui Jacksn_
                  Signature                                  Date

Attorney: _[signature]_                       _3-13-07_
                       Signature                         Date

USPC Examiner: _Perl R.A. Nowel_          _3/13/07_
                       Signature                         Date

U.S. Department of Justice                                **Notice of Action**
United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland 20815-7201

| | |
|---|---|
| Name: Jackson, Mervin | Institution: CTF |
| Register Number: 24068-016 | |
| DCDC No: 236-016 | Date:     March 27, 2007 |

### ADVANCED CONSENT TO EXPEDITED REVOCATION

The Commission has ordered the following action pursuant to your acceptance of the Advanced Consent to the Expedited Revocation you signed on March 13, 2007 and approved by the Commission on 3/22/2007:

Revoke parole. None of the time spent on supervision shall be credited. Parole effective on November 8, 2007, after the service of 8 months.

NOTE: Pursuant to 28 C.F.R. §2.82, your parole effective date is contingent upon approval of your release plan by the Commission. Your release plan will be investigated by the D.C. Court Services and Offender Supervision Agency (CSOSA), which will submit a report to the Commission before a parole certificate can be delivered.

In addition, you shall be subject to the Special Drug Aftercare Condition that requires that you participate as instructed by your Supervision Officer in a program (inpatient or outpatient) approved by the D.C. Court Services and Offender Supervision Agency for the treatment of narcotic addiction or drug dependency. That program may include testing and examination to determine if you have reverted to the use of drugs. You shall also abstain from the use of alcohol and all other intoxicants during and after the course of treatment.

### FINDINGS OF FACT:

The Commission has found that you violated the following condition(s) of release:

Charge No. 1 - Use of Dangerous and Habit Forming Drugs.

Charge No. 2 - Failure to Report to Supervising Officer as Directed.

Charge No. 3 - Failure to Submit to Drug Testing.

Basis for the above-stated finding(s):  Your acceptance of responsibility for the violations and your agreement to accept revocation.

**EXHIBIT**
B

**REASONS**:

Your parole violation has been rated as Category One severity because it involved administrative violations. Your salient factor score is 4. See the attached sheet for an explanation of your individual Salient Factor Score items. The table at the bottom presents the points for Salient Factor Score Item C. Guidelines established by the Commission indicate a customary range of 8-12 months to be served before release. After review of all relevant factors and information presented, a departure from the guidelines at this consideration is not warranted.

THE ABOVE DECISION IS NOT APPEALABLE.

Copies of this Notice are sent to your institution and to your supervising officer. In certain cases, copies may also be sent to the sentencing court. You are responsible for advising any others you wish to notify.

cc:     Sharon Barnes-Durbin, SCSA
        CSS Data Management Group
        D.C. Court Services & Offender Supervision Agency
        300 Indiana Avenue, N.W., Suite 2149
        Washington, D.C. 20001

        D.C. Federal Billing Unit
        D.C. Department of Corrections
        Washington, D.C. 20003

        James McNaird
        General Supervision Unit XI-Team 19
        CSOSA
        3850 South Capitol Street, S.E.
        First Floor
        Washington, D.C. 20032

        S. McAroy-Gray
        Public Defender Service
        District of Columbia
        Special Proceedings Division
        633 Indiana Avenue, N.W.
        Washington, D.C. 20004

        U.S. Marshals Service
        District of Columbia - District Court
        333 Constitution Ave, N.W., Room 1400
        Washington, D.C. 20001
        Warrants - Attn: David Baldwin

Queued: 03-28-2007 11:36:50 BOP-D.C. Federal Billing Unit | BOP-D.C. Federal Billing Unit | USPO-General Supervision Unit XI-Team 19, 3850 South Capitol | USM-District of Columbia - District Court, D.C. District Court | FPD-District of Columbia, District of Columbia - DC |

### SALIENT FACTOR SCORE (SFS-98)

**Your Pts**   **Salient Factor Score (SFS-98) Item Explanations**

**1**      A - Prior convictions/adjudications (adult or juvenile) None = 3; One = 2; Two or three = 1; Four or more = 0

**0**      B - Prior commitments of more than thirty days (adult or juvenile) None = 2; One or two = 1; Three or more = 0

**2**      C - Age at commencement of the current offense/prior commitments of more than thirty days (adult or juvenile)
        (see table below for an explanation)

**0**      D - Recent commitment free period (three years)
        No prior commitment of more than thirty days (adult or juvenile), or released to the community from last such
        commitment at least three years prior to the commencement of the current offense = 1; Otherwise = 0

**0**      E - Probation/parole/confinement/escape status violator this time
        Neither on probation, parole, confinement or escape status at the time of the current offense; nor committed as a
        probation, parole, confinement or escape status violator this time = 1; Otherwise = 0

**1**      F - Older offenders
        If the offender was 41 years or more at the commencement of the current offense (and the total score from Items A-
        E above is 9 or less) = 1; Otherwise = 0

**4**      Salient Factor Score (SFS-98) (sum of points for A-F above)



| Points For SFS Item C | | |
|---|---|---|
| Age | Prior Commitments | |
| | 0-3 | 5+ |
| 26 & Up | 3 | 2 | 1 |
| 22-25 | 2 | 1 | 0 |
| 20-21 | 1 | 0 | 0 |
| 0-19 | 0 | 0 | 0 |

U.S. Department of Justice
United States Parole Commission

CERTIFICATE OF PAROLE
District of Columbia Offender

Having determined that (1) Jackson, Mervin, Register No. 24068-016, (DCDC No. 236-016) (the "inmate") is eligible for parole; (2) there is a reasonable probability that the inmate will live and remain at liberty without violating the law; and (3) the inmate's release is not incompatible with the welfare of society, the United States Parole Commission (the "Commission") ORDERS that the inmate be paroled on **November 8, 2007** and remain under parole supervision through **October 11, 2010**. The conditions listed in this certificate apply during the inmate's parole supervision.

Given under the hand and the seal of the Commission on October 15, 2007.

UNITED STATES PAROLE COMMISSION

*J. C. Bradford*

By: J.C. Bradford, Correspondence Specialist

Docket/Case Number: F7295-90/F4093-02
Initial Risk Category: SFS = 4

**Acknowledgement of Release Conditions**

I have read, or had read to me, the conditions that are listed on this CERTIFICATE OF PAROLE. I have received a copy of this CERTIFICATE OF PAROLE. I fully understand the conditions that have been imposed upon me and know that if I violate any of those conditions I may be sent back to prison.

**Consent to the Disclosure of Drug/Alcohol Treatment Information**

By signing this CERTIFICATE OF PAROLE, I consent to unrestricted communication between any facility administering a drug or alcohol treatment program in which I am or will be participating, on the one hand, and the Commission and the office responsible for supervising me, on the other hand. I consent to disclosure by such facility to the Commission and the office responsible for supervising me of any information requested related to my supervision, and the disclosure by the Commission and the office supervising me to any agency that requires such information for the performance of an official duty. This consent is irrevocable until the end of parole supervision.

_____       _____
Name                                                                          DCDC No.

Witnessed: _____       _____
Name and Title                                                          Date

The above-named inmate was released on the _____ day of _____, 20____ with a total of _____ days remaining to be served.

_____
Official Certifying Release

Queued: 10-15-2007 09:21:44 BOP-Rivers CI |

EXHIBIT
S

This CERTIFICATE OF PAROLE becomes effective on the day of release set forth above, after you sign this certificate. If you fail to comply with any of the conditions, you may be summoned to a hearing, or retaken on a warrant and reimprisoned pending a hearing, to determine if your parole should be revoked.

## GENERAL CONDITIONS

1.  A.  You must go directly to Washington, D.C. and appear in person at the Intake Office of the Court Services and Offender Supervision Agency for the District of Columbia (CSOSA), 300 Indiana Avenue, N.W., Washington, D.C. 20001. If you are unable to appear in person at that office within three days of release, you must appear in person at the United States Probation Office nearest to you and follow the instructions of the duty officer.

    B.  If you are not released to the community after your parole, you must follow the instructions in 1.A. above when you are released to the community.

2.  You must not leave the Washington, D.C. metropolitan area without the written permission of the officer supervising you. The Washington, D.C. metropolitan area consists of the District of Columbia, Prince Georges and Montgomery Counties in Maryland; Arlington and Fairfax Counties in Virginia, and the Cities of Alexandria, Fairfax, and Falls Church in Virginia. For the purpose of applying all conditions of release, "the officer supervising you" includes any supervision officer assisting, substituting for, or acting on behalf of the officer assigned to your supervision.

3.  You must, between the first and third day of each month, make a written report to the officer supervising you. In addition, you must meet with the officer supervising you at such times and in such a manner as that officer directs, and provide such information as that officer requests. All information that you provide to the officer supervising you must be complete and truthful.

4.  You must notify the officer supervising you within two days of (A) an arrest or questioning by a law-enforcement officer, (B) a change in your residence, or (C) a change in your employment.

5.  You must permit the officer supervising you to visit your place of residence and your place of business or employment.

6.  You must permit the officer supervising you to confiscate any material that officer believes may be contraband and that is in plain view in your possession, including in your residence, place of business or employment, and vehicle.

7.  You must submit to a drug or alcohol test whenever ordered to do so by the officer supervising you.

8.  You must not violate any law and must not associate with someone else who is violating any law.

9.  You must not possess a dangerous weapon, which includes ammunition.

10. You must not drink alcohol to excess and must not illegally use or possess a controlled substance. You must not frequent a place where you know a controlled substance is illegally used or distributed.

11. You must not associate with a person who has a criminal record without permission from the officer supervising you.

12. You must not enter into an agreement to act as an informant or undercover agent for a law-enforcement agency without permission from the Commission.

13. You must make a diligent effort to work regularly, unless excused by the officer supervising you, and to support any legal dependent.

14. You must make a diligent effort to satisfy any fine, restitution order, court costs or assessment, or child-support or alimony payment to which you are subject. You must provide financial information relevant to the payment of such a financial obligation that is requested by the officer supervising you. If you are unable to pay such a financial obligation in one sum, you must cooperate with the officer supervising you to establish an installment-payment schedule.

15. If you are being paroled from a sentence imposed following conviction of a domestic-violence crime, and that conviction is your first conviction for such a crime, you must, as directed by the officer supervising you, attend an approved offender-rehabilitation program if such a program is readily available within a 50-mile radius of your residence.

16. If you are required by law to report and register as a sex-offender, you must comply with that law.

17. You must provide a DNA sample if the officer supervising you determines that collection of such sample is required by law.

18. You must participate in an Employment Readiness Program if so directed by the officer supervising you.

19. If you are being supervised by CSOSA, you must submit to the sanctions imposed by the officer supervising you within the limits established by an approved schedule of graduated sanctions.

20. If so directed by the officer supervising you, you must notify a person of your criminal history or characteristics to inform that person of a risk of harm.

### SPECIAL CONDITIONS

In addition, you shall reside in and participate in a program of a Community Corrections Center as instructed by your Supervision Officer until discharged by the Center Director, but no later than 120 days from admission.

In addition, you shall be subject to the Special Drug Aftercare Condition that requires that you participate as instructed by your Supervision Officer in a program (inpatient or outpatient) approved by the D.C. Court Services and Offender Supervision Agency for the treatment of narcotic addiction or drug dependency. That program may include testing and examination to determine if you have reverted to the use of drugs. You shall also abstain from the use of alcohol and all other intoxicants during and after the course of treatment.



Queued: 10-15-2007 09:21:44 BOP-Rivers CI |